THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERTO MUNOZ, Defendant-Appellant.

Second District    No. 2—99—1043

Opinion filed April 5, 2001.

G. Joseph Weller and Dev A. Parikh, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz, and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert J. Morrow, of Early, Collison, Tousey, Regan, Wlodek & Morrow, of Elgin, for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Roberto Munoz, pleaded guilty to vehicular hijacking (720 ILCS 5/18—3(a) (West 1998)) and stipulated to violating the terms of two previously entered probation orders. Pursuant to the agreement, defendant was sentenced to six years' imprisonment on May 21, 1999. When the prison term was imposed, the trial court gave defendant some of the admonishments under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), which has since been amended, for

negotiated guilty pleas, as Supreme Court Rule 605(c) (Official Reports Advance Sheet No. 23 (November 15, 2000), R. 605(c), eff. November 1, 2000). On August 19, 1999, the trial court entered an order for restitution. At the time the restitution order was entered, the trial court did not admonish defendant pursuant to Rule 605(b). Defendant appeals, arguing that the cause should be remanded because the trial court did not give him any Rule 605(b) admonishments when the restitution order was imposed. In the alternative, defendant argues that the restitution order is void and that his cause should be remanded for proper Rule 605(b) admonishments because the trial court did not give him sufficient admonishments at the May 21, 1999, proceeding. We remand with directions.

During the guilty plea proceedings, the assistant public defender advised the court that defendant would stipulate to violating the terms of two probation orders and plead guilty to vehicular hijacking in exchange for the State dismissing two other charges that also were filed against defendant. The parties agreed that all outstanding terms and conditions related to the probation violations were waived. The agreed-upon sentence for the vehicular hijacking charge was 6 years' imprisonment with credit for 119 days served.

The trial court advised defendant about the possible maximum and minimum prison sentences defendant could face for the charges before the court. As to the vehicular hijacking charge, the court told defendant that he could be sentenced to between 4 and 15 years' imprisonment if the plea agreement were not in effect. Defendant stipulated to the factual basis and pleaded guilty. The following exchange then occurred:

"THE COURT: Court will accept the disposition.

Sir, if you disagree with anything that's occurred here today, you do have a right to appeal.

Before you can take such an appeal, you must file with this Court a motion to withdraw your plea of guilty and setting forth the grounds for your motion.

If that motion is granted, your plea of guilty will be vacated and the case will be reset for trial. If it's not granted, you'll be given an additional 30 days to file a notice of appeal with the Appellate Court.

If you're indigent at that time and need the services of an attorney, one will be appointed for you at no charge.

MS. PECCARELLI [Assistant Public Defender]: Judge, the State does want him on video on Tuesday, only so that they can ensure that there's no restitution. We don't have any reason to believe that there will be.

THE COURT: That's the order."

The trial court never told defendant that the charges that the State dismissed could be reinstated if defendant filed a motion to withdraw his guilty plea and that motion was granted. The court also never advised defendant that any issue he failed to raise in his post-judgment motion would be deemed waived.

At the next court date, the assistant public defender told the court that the State may seek restitution, and the attorney suggested that the court set a hearing date. A one-month hearing date was set, and the hearing was finally concluded approximately three months after defendant was sentenced to prison. The trial court entered an order for $1,000 in restitution, and the court did not give defendant any Rule 605(b) admonishments when the restitution order was entered. After the restitution order was entered, defendant did not file any type of postjudgment motion, but he did file a timely notice of appeal.

■ Supreme Court Rule 604(d) requires a defendant who pleads guilty pursuant to a plea agreement to file a postjudgment motion seeking to withdraw the guilty plea or reconsider the sentence before appealing the cause. 188 Ill. 2d R. 604(d). A defendant must file a motion to withdraw the guilty plea and vacate the judgment in lieu of a motion to reconsider the sentence if the plea was negotiated, *i.e.*, the State bound itself by recommending a specific sentence, proposing a specific range of sentences, or conceding matters related to the sentence and not merely the charges pending. See *People v. Evans*, 174 Ill. 2d 320, 323 (1996); see also 188 Ill. 2d R. 604(d). However, a necessary antecedent to filing one of these motions is that the trial court must properly admonish defendant. *People v. Jamison*, 181 Ill. 2d 24, 27-28 (1998).

When defendant's case was pending in the trial court the required admonishments were contained in Rule 605(b) (145 Ill. 2d R. 605(b)). However, the supreme court's opinions in *Evans* and *People v. Linder*, 186 Ill. 2d 67 (1999), rendered the Rule 605(b) admonishments legally inaccurate for defendants who entered a negotiated plea of guilty. *People v. Waller*, 317 Ill. App. 3d 390, 392 (2000). The amended admonitions contained in Rule 605(c) are consistent with the rules announced in *Evans* and *Linder*. See Official Reports Advance Sheet No. 23 (November 15, 2000), R. 605(c), eff. November 1, 2000. However, in this case, our analysis is unaffected by the amendment of Rule 605(b).

■ The version of Rule 605(b) in effect at the time of defendant's sentencing and the amended Rules 605(b) and (c) require a trial court to admonish a defendant who pleads guilty regarding the defendant's right to appeal "at the time of imposing sentence." 145 Ill. 2d R.

605(b); 188 Ill. 2d Rs. 605(b), (c). An order for restitution is an increment of a sentence, which is the final judgment in a criminal case. *People v. Richardson*, 252 Ill. App. 3d 593, 595 (1993).

■ Here, we conclude that the trial court was required to admonish defendant under Rule 605(b) at the time the final increment of the sentence, the restitution order, was entered. Because no Rule 605(b) admonishments were given to defendant when the restitution order was entered, we determine that the cause should be remanded so that defendant may receive the proper admonishments, now contained in Rule 605(c). See *People v. Foster*, 171 Ill. 2d 469, 474 (1996). We note that the record is unclear whether restitution was actually contemplated within the negotiated agreement. If restitution was not contemplated by the parties but later imposed by the trial court, this may not be a fully negotiated plea pursuant to *Evans* and *Linder*. See *People v. Diaz*, 192 Ill. 2d 211, 225 (2000) (summarizing the requirements to challenge different plea agreement scenarios). If after receiving the proper admonitions defendant elects to challenge his conviction or sentence, he retains the right to file the appropriate motion. See *Foster*, 171 Ill. 2d at 474.

For these reasons, the cause is remanded with directions to the circuit court of Kane County.

Remanded with directions.

BOWMAN and RAPP, JJ., concur.