FIRST DIVISION

April 14, 2003

No. 1-02-0219                                            

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from the

    )   Circuit Court of

Plaintiff-Appellee,    )   Cook County.

    )

    )   No. 01 CR 12337

    )

RONNIE LLOYD,    )   Honorable Colleen

         )   McSweeney-Moore, 

Defendant-Appellant.    )   Judge Presiding.

JUSTICE SMITH delivered the opinion of the court:

Defendant Ronnie Lloyd entered a negotiated guilty plea to burglary and was sentenced, based on his criminal history, to a Class X term of six years in prison.  Defendant failed to file a written motion to withdraw his guilty plea as required by Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), but he subsequently filed a 
motion in this court, 
pro se
, seeking leave to file a motion for late notice of appeal and appointment of counsel.  This court allowed defendant to file a late notice of appeal and appointed counsel to represent him.  On appeal, defendant contends he was not admonished pursuant to Supreme Court Rule 605 (188 Ill. 2d R. 605) as to the availability of appointed counsel for postplea proceedings or the consequences of withdrawing his guilty plea and seeks remand for proper admonishment.  For the reasons that follow, we reverse and remand.

In April 2001, defendant was arrested and charged with two counts of burglary for entering a garage and a motor vehicle wherein he committed theft.  In the proceedings before the trial court, defendant was represented by private counsel who filed a motion to quash arrest and suppress evidence.

On October 9, 2001, the trial court heard defendant's motion.  The evidence presented at the hearing established that two Chicago police officers saw defendant exit a garage in the early morning, carrying a shopping bag which contained tools and a coach light.  The tools and the light were taken from a car that was parked inside the garage.  The court denied defendant's motion to quash his arrest and suppress the evidence.

Following the ruling, defense counsel sought a plea conference pursuant to Supreme Court Rule 402.  177 Ill. 2d R. 402.  After the conference, in response to defendant's expressed desire for a sentence of probation, the court informed defendant he was a Class X offender and no longer eligible for probation.  The court further informed defendant that he was charged with burglary, a Class 2 felony (720 ILCS 5/19-1(b) (West 2000)), but he was subject to a Class X sentence of 6 to 30 years in prison (730 ILCS 5/5-5-3(c)(8) (West 2000)).  Based on defendant's demeanor and his failure to sign the jury waiver, the court initially refused to accept defendant's plea.  After further discussion, the court ascertained that defendant understood the possible penalties resulting from a guilty plea.  Defendant then pleaded guilty to burglary.

Before accepting defendant's plea, the court admonished defendant pursuant to Rule 402.  177 Ill. 2d R. 402.  Among other things, the court specifically advised defendant that he would give up his "right to make the State prove [him] guilty beyond a reasonable doubt, to confront the witnesses against [him], and to present a defense."  After ascertaining that defendant relinquished his rights voluntarily, the court found there was a factual basis for defendant's guilty plea.  The court indicated it would concur with the agreement to sentence defendant on one count of burglary, imposed the minimum Class X sentence of six years in prison (730 ILCS 5/5-8-1(a)(3) (West 2000)), and entered judgment on the finding.

Finally, the court admonished defendant of his appellate rights pursuant to Rule 605 (188 Ill. 2d R. 605) in the following manner:

"Mr. Lloyd, you have the right to appeal.  But before you can appeal, you must first file in this court within 30 days a written motion asking to withdraw your plea of guilty.  You would have to set forth in that motion valid legal reasons why you're asking to withdraw your plea of guilty.  Any reason you fail to set forth in your motion, you would give up for purposes of appealing that issue.

Do you understand your appeal rights?"

Defendant answered that he understood.

The court entered an order sentencing defendant to six years in prison which defendant now appeals.

Defendant did not timely file any motion challenging his sentence or seeking to withdraw his plea and vacate his sentence.  In his 
pro se
 late notice of appeal, defendant stated he was indigent and sought appointed counsel, and he believed his appeal had merit because the "State failed to meet its burden of proof in finding him guilty and his counsel was ineffective."  Defendant also asserted the failure to timely file the notice of appeal was not due to his culpable negligence, claiming that his private counsel failed to file a notice of appeal for him and he did not know how to do so on his own.

Defendant contends that his case must be remanded for proper Rule 605 admonishments.  See 188 Ill. 2d R. 605.  

Initially, we must determine if defendant's appeal is properly before this court.  The State contends that we lack jurisdiction in this matter because defendant failed to file any postplea motion within 30 days as required by Rule 604(d).  188 Ill. 2d R. 604(d).

Supreme Court Rule 604(d) provides that "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."  188 Ill. 2d R. 604(d).

In the instant case, it is uncontested that defendant entered a negotiated plea of guilty.  Although Rule 604(d) had been amended prior to defendant's sentencing to address appeals from negotiated guilty pleas (188 Ill. 2d R. 604(d) (amended October 5, 2000, effective November 1, 2000)), the requirement that a defendant file a postplea motion within 30 days of the imposition of the sentence was not changed by the amendment.  Defendant concedes that he failed to file any motion within the requisite time period after the imposition of his sentence.

The State seeks dismissal of this appeal based on this admitted noncompliance with the written-motion requirement of Rule 604(d).  The State relies primarily on 
People v. Wilk
, 124 Ill. 2d 93, 529 N.E. 2d 218 (1988), in which our supreme court held that a defendant's compliance with Rule 604(d) is a condition precedent to a defendant's appeal from a plea of guilty.  
Wilk
, 124 Ill. 2d at 105. 

While recognizing that strict compliance with Rule 604(d) is required and a defendant's failure to file a Rule 604(d) motion is a jurisdictional defect that 
generally precludes a reviewing court from considering the defendant's appeal, the supreme court has adopted an admonition exception to such requirement.  
People v. Foster
, 171 Ill. 2d 469, 473, 665 N.E. 2d 823 (1996).  The court has held that Rule 605(b) is a necessary corollary to Rule 604(d) and, w
here a trial court failed to issue Rule 605(b) admonishments, the appellate court may entertain an appeal despite the defendant's noncompliance with the Rule 604(d) written-motion requirement.  
Foster
, 171 Ill. 2d at 472-73.

Supreme Court Rule 605 provides that the trial court must give the following specific advice to a defendant where a judgment and sentence are entered upon a negotiated plea of guilty:

"[T]he trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."  188 Ill. 2d R. 605(c) (amended October 5, 2000, effective November 1, 2000).

The admonitions contained in the amended Rule 605(c) are essentially identical to the admonitions contained in subsection (b) of the rule, which previously applied to all cases in which a defendant entered a guilty plea.  145 Ill. 2d R. 605(b).  We recognize that the admonition exception set forth in 
Foster
 concerned admonishments given under Rule 605(b).  
Foster
, 171 Ill. 2d at 473.  Because the admonitions in Rule 605(c) that are at issue here, concerning the availability of appointed counsel for postplea proceedings and the consequences of withdrawing a guilty plea, are essentially identical to those in Rule 605(b), we find the admonition exception applies here as well.  See 
People v. Munoz
, 319 Ill. App. 3d 822, 824, 746 N.E. 2d 903 (2001) (amended admonitions contained in Rule 605(c) are consistent with admonition requirements under Rule 605(b)).  Therefore, we find this court has jurisdiction to entertain defendant's appeal.  
Foster
, 171 Ill. 2d at 473.

We consider therefore whether the trial court complied with Rule 605(c).  Because the issue concerns compliance with a supreme court rule, our review is 
de novo
.  
People v. Hayes
, 336 Ill. App. 3d 145, 147, 782 N.E. 2d 787 (2002).

The issuance of Rule 605 admonitions is mandatory and a necessary antecedent to the defendant's compliance with the written-motion requirement of Rule 604(d).  
People v. Jamison
, 181 Ill. 2d 24, 29, 690 N.E. 2d 995 (1998).
  Trial courts are held to strict compliance with the admonition requirements of Rule 605.  
Jamison
, 181 Ill. 2d at 31.  Where the trial court fails to provide such admonitions, the appellate court is required, despite the defendant's noncompliance with Rule 604(d), to remand the cause to the trial court for proper admonishment.  
Jamison
, 181 Ill. 2d at 29-30.

In the instant case, it is uncontested that the trial court failed to give defendant all six admonitions required by Rule 605(c).  Yet the State argues that the court substantially complied with Rule 605(c) because defendant was informed that he was required to act within 30 days.  The court properly informed defendant of his right to appeal, the necessity of filing of a written motion to withdraw the plea within 30 days of sentencing, and waiver of any issues not raised in such motion.  See 188 Ill. 2d Rs. 605(c)(1),(c)(2),(c)(6).  However, unlike the trial court in 
People v. Ahlstrand
, 113 Ill. App. 3d 363, 447 N.E. 2d 517 (1983), upon which the State relies, the court here did not mention appointing counsel for postplea proceedings.  Defendant argues that the prejudice from the failure to be so informed is evidenced by his claim that he did not know how to file an appeal by himself.

The trial court is required to substantially admonish the defendant of all subsections of Rule 605(c).  See 
People v. Castillo
, 243 Ill. App. 3d 818, 822, 612 N.E. 2d 533 (1993) (trial court has duty to substantially admonish the defendant as to all subsections of Rule 605(b)).  In the instant case, defendant was not advised that: if he filed a motion to withdraw his guilty plea and such motion were allowed, the sentence and judgment would be vacated and a trial date set on the burglary charge; the State could then request that any charges that may have been dismissed pursuant to the plea agreement be reinstated and also set for trial; or that, if defendant was indigent, a copy of the transcript of the plea proceedings would be provided to him without cost and counsel would be appointed to assist him with the preparation of the motions.  See 188 Ill. 2d Rs. 605(c)(3),(c)(4),(c)(5).  

In this case, defendant was represented by private counsel when he entered his plea of guilty.  The trial court therefore may have considered it superfluous to admonish defendant of his right to appointed counsel if he were indigent.  However reasonable the omission may have seemed under the circumstances, it is axiomatic that a criminal defendant's right to assistance of counsel is fundamental.  See 
People v. Massa
, 271 Ill. App. 3d 75, 82, 648 N.E. 2d 123 (1995).  

The State argues that word-for-word recitation of the rule is not required.  Such argument has no merit in this instance.  We recognize that recitation of the rule is not necessarily required for substantial admonishment.  
Castillo
, 243 Ill. App. 3d at 822.  Here, however, it is not the precise wording used that is at issue, but the lack of any wording at all.  Regardless of any possible suggestion that may have been made before the trial court concerning continued representation by defendant's private counsel, defendant was still entitled to be informed of the availability of appointed counsel for postplea proceedings and his right to receive a transcript of the plea proceedings.  188 Ill. 2d R. 605(c)(5).  Where it is undisputed that defendant was not so informed, there could not be substantial admonishment under Rule 605(c).  Rather, the failure to substantially admonish defendant pursuant to Rule 605(c) excuses defendant's lack of compliance with Rule 604(d).  See 
Castillo
, 243 Ill. App. 3d at 821.  Therefore, we must remand the cause to the trial court for strict compliance with Rule 605(c).  See 
Jamison
, 181 Ill. 2d at 31; 
Foster
, 171 Ill. 2d at 474.

We note that defendant also argues he was "especially prejudic[ed]" by the court's failure to inform him that, if he were allowed to withdraw his guilty plea, he might face reinstated charges based on the second count of burglary at a trial.  Here, too, the trial court may have reasoned it unnecessary to admonish defendant of the potential for reinstatement of other charges upon withdrawal of his plea, when the court had already informed defendant that a Class X term was mandatory and defendant was given the minimum sentence available.  Defendant's argument of prejudice would seem to stem from a lack of recognition that he could not receive a shorter prison term, given his criminal history, were he convicted at trial.  Nonetheless, defendant was entitled to be told the potential consequences of withdrawing his plea.  Accordingly, we direct the trial court upon remand to admonish defendant as to the possible consequences of withdrawing his guilty plea (188 Ill. 2d Rs. 605(c)(3),(c)(4)) and the availability of appointed counsel (188 Ill. R. 605(c)(5)) and provide defendant with 30 days to file an appropriate postplea motion.  

Finally, we note defendant also claimed prejudice based on his belief that the State failed to prove his guilt.  Because our review is limited to compliance with Rule 605(c) admonitions, we need not address this concern.  Moreover, the record establishes that defendant was thoroughly admonished as to the trial rights he relinquished. 

For the reasons stated above, we reverse and remand this cause to the trial court for proceedings consistent with this opinion.

Reversed and cause remanded.

McNULTY and O'MALLEY, JJ., concur.