2020 IL App (1st) 180265-U

No. 1-18-0265

Order filed June 18, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 8292 |
| | ) | |
| TEKLIT GEBREHIWOT, | ) | Honorable |
| | ) | Diane G. Cannon, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal is dismissed because he did not file a motion to vacate his negotiated guilty plea pursuant to Supreme Court Rule 604(d), and the trial court's postplea admonishments substantially complied with Supreme Court Rule 605(c).

¶ 2    Defendant Teklit Gebrehiwot entered a negotiated plea of guilty to one count of failure to register as a sex offender and was sentenced to two years in prison. On appeal, defendant contends that this cause must be remanded so that he has the opportunity to file a motion to withdraw his

guilty plea because the trial court failed to substantially admonish him pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 3    Defendant was arrested in Chicago on May 7, 2017, and charged with one count of failure to register as a sex offender (730 ILCS 150/3(a) (West 2016)). On June 16, 2017, defendant appeared in court with a Tigrinya[1] interpreter and the court appointed the public defender to represent him.

¶ 4    At a December 14, 2017, hearing attended by defendant, his attorney, and an interpreter, the State advised the court that the parties had reached an agreement whereby defendant would plead guilty to the offense of failure to register as a sex offender, a Class 3 felony, in exchange for a two-year prison term. The trial court asked defendant whether he understood that by entering a guilty plea there would not be a trial, and defendant answered affirmatively. The court explained the sentencing range and his right to a trial by jury, as well as the effect of a jury waiver, and defendant stated that he understood.

¶ 5    As a factual basis for the plea, the State related that the evidence would show that when defendant was released from prison on June 13, 2016, he signed a card acknowledging his rights and responsibilities under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2016)), including the need to register by June 19, 2016. When defendant was arrested on May 7, 2017, he was not registered as a sex offender. The State's evidence would further include a certified copy of defendant's conviction for aggravated criminal sexual abuse in case No. 13 CF 521.

---

[1] Tigrinya is a language spoken in Eritrea and Ethiopia.

¶ 6     The trial court accepted the factual basis for the plea, accepted defendant's guilty plea, and sentenced him to two years in prison. The trial court then admonished defendant as follows:

> "You have a right to appeal. First, you must file a motion to vacate this plea. If you do not have the money for a lawyer, one will be provided free of charge to assist you and a transcript will be provided free of charge. Do you understand. Do you understand if that motion is granted, the case will be set down for trial.
>
> You will be facing ten years in the Illinois Department of Corrections. If that motion is denied you have 30 days to appeal and that motion must be made in writing as well. That must be in writing. Anything not laid out will be forever waived.
>
> If you do not have the money for a lawyer, one will be provided free of charge to assist you and transcripts will be provided free of charge. Good luck, sir."

¶ 7     Defendant did not file a motion to vacate his plea; rather, on January 8, 2018, he filed a *pro se* notice of appeal in the trial court.

¶ 8     On appeal, defendant contends that the trial court failed to substantially comply with Rule 605(c) when admonishing him as to what he must do to appeal from his negotiated guilty plea. He asks that this cause be remanded to the trial court for proper admonishments and the opportunity to file a motion to withdraw his guilty plea.

¶ 9     Pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), a defendant who desires to appeal from a judgment entered upon a guilty plea must first file a written postplea motion in the trial court within 30 days of the date on which sentence was imposed. Filing a timely Rule 604(d) motion is a condition precedent to the appeal of a guilty plea, and the failure to do so

precludes this court from addressing the merits of the appeal and the appeal must be dismissed. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011).

¶ 10    However, the "[d]ismissal of an appeal based on a defendant's failure to file the requisite motions in the circuit court would violate due process if the defendant did not know that filing such motions was necessary." *Skryd*, 241 Ill. 2d at 41. Therefore, in those cases where a defendant is sentenced on a guilty plea, Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) requires the trial court to admonish the defendant at sentencing regarding the steps necessary to preserve the right to appeal. Ill. S. Ct. R. 605 (eff. Oct. 1, 2001). If the trial court fails to admonish a defendant in accordance with Rule 605, this court can remand the matter to the trial court for proper admonishments. *People v. Dominguez*, 2012 IL 111336, ¶ 11.

¶ 11    Although a trial court is not required to use the exact language of the rule, it must " 'substantially' " advise the defendant in such a way that he is put on notice of what he must do in order to preserve his right to appeal his guilty plea or sentence. *Dominguez*, 2012 IL 111336, ¶¶ 11, 22 (quoting Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001)). "[I]n a Rule 605(b) or (c) setting, where a trial court *has* substantially complied with the rule so as to impart to the defendant the *substance* of the rule, automatic remand is not necessary." (Emphases in original.) *Dominguez*, 2012 IL 111336, ¶ 22. We review a trial court's compliance with supreme court rules *de novo*. *Dominguez*, 2012 IL 111336, ¶ 13. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 12    In the case at bar, defendant entered a negotiated guilty plea, and Rule 605(c) controls. The rule states, in pertinent part:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 13 Here, the trial court's admonishments substantially advised defendant as to what was required in order to appeal his guilty plea. Specifically, the court admonished defendant that: (1) he had the right to appeal; (2) in order to appeal, he must first file a motion to vacate the plea; (3)

if defendant could not afford a lawyer, one would be provided to assist him and a transcript would be provided free of charge; (4) if the motion were granted, the case would be set for trial; and (5) "[a]nything not laid out" in the motion "will be forever waived." We therefore find that the trial court substantially provided the admonishments required by Rule 605(c) when defendant was put on notice that he could challenge the guilty plea but that in order to do so an action on his part, *i.e.*, the filing of a motion to vacate the plea, was required. See *Dominguez*, 2012 IL 111336, ¶ 22 (a trial court has substantially complied with the rule when its "admonitions were sufficient to impart to a defendant the essence or substance of the rule").

¶ 14    Defendant, however, contends that the court failed to comply with the requirements of Rule 605(c) when it did not specifically admonish him that he had to file a written motion in the trial court within 30 days of sentencing, of the consequences of a successful motion, and that any claims not raised in the motion would be considered waived. According to defendant, the court's mention of a written filing and the waiver of issues referred to an appeal rather than a postplea motion, and the effect of the "deficient" admonishments was exacerbated because they were translated into Tigrinya.

¶ 15    Defendant is correct that the trial court did not admonish him that the motion to vacate his plea must be filed in the trial court within 30 days of the date of sentencing. See Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). We also acknowledge the trial court first admonished defendant that he must file a notice of appeal within 30 days of the denial of his postplea motion, and only afterwards specified that the "motion must be made in writing" and "[a]nything not laid out will be forever waived."

¶ 16    Viewing the admonishments as a whole, however, we cannot agree that the trial court failed to substantially comply with Rule 605(c). The trial court put defendant on notice that in order to appeal he had to first file a motion to vacate and that a direct appeal was not an option until after the filing of such a motion. See *People v. Claudin*, 369 Ill. App. 3d 532, 534-35 (2006) (where defendant was incorrectly admonished that he could preserve his appeal rights by filing a motion to reconsider his sentence, when in fact he had to move to withdraw his plea, his failure to file any type of postplea motion was not excused by the admonition exception because the admonishments "were sufficient to put defendant on notice of the postplea action necessary to preserve his appeal, and he ignored it"). Although the trial court's admonishments did not mirror the language of Rule 605(c), defendant did not file a postplea motion despite being informed that he was required to file such a motion before he filed an appeal, he would be appointed an attorney and given transcripts to assist in the filing of the motion, if the motion were successful the case would be set for trial, and that any issue not raised would be "forever waived." In other words, defendant was informed of the "substance of the rule," yet failed to file any sort of postplea motion prior to filing a notice of appeal. *Dominguez*, 2012 IL 111336, ¶ 22. Accordingly, as the trial court substantially complied with the rule, defendant's argument regarding the translation of the admonishments also fails.

¶ 17    Moreover, we disagree with defendant that the admonishments were insufficient because the trial court failed to tell him that if his postplea motion were granted any charges dismissed by the State under the plea could be reinstated. See Ill. S. Ct. R. 605(c)(4) (eff. Oct. 1, 2001). Defendant was charged with one violation of SORA and the trial court stated that if the motion to vacate were granted, the case would be set for trial. Accordingly, it was clear that if the motion to vacate were granted, the case would go to trial on the only count. See *Claudin*, 369 Ill. App. 3d at

533-34 (the trial court substantially complied with Rule 605(c) even though it did not inform the defendant of the consequences of a successful motion to withdraw the plea and vacate the judgment). Here, defendant was substantially advised of his appeal rights, especially the necessary first step of filing a postplea motion, and was not prejudiced by this "missing verbiage." See *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003) (the defendant was substantially advised of his appeal rights even though the trial court did not admonish him that he would waive any issues not raised in the motion to withdraw his guilty plea and vacate the judgment or that any "nol-prossed" charges could be reinstated if the motion were granted).

¶ 18    In reaching this conclusion, we are unpersuaded by defendant's reliance on *People v. Lloyd*, 338 Ill. App. 3d 379 (2003). In *Lloyd*, the trial court admonished the defendant that he must file a written motion to withdraw his guilty plea within 30 days, but did not admonish him that counsel would be appointed for postplea proceedings. *Lloyd*, 338 Ill. App. 3d at 384-85. The reviewing court concluded that, even though the defendant was represented by private plea counsel, the trial court should have informed him of his right to appointed counsel and, thus, "there could not be substantial admonishment under Rule 605(c)." *Lloyd*, 338 Ill. App. 3d at 385. However, our supreme court has significantly clarified the scope of Rule 605 since *Lloyd* was decided and has more recently focused on whether a trial court's admonishments put a defendant "on notice" of the "substance of the rule," *i.e.*, of the steps he must take to perfect an appeal from a guilty plea. See *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 19    Ultimately, while the admonishments in the case at bar did not use the exact language found in Rule 605(c), "taken as a whole" they were "sufficient to impart the essence or substance of the rule to defendant." *Dominguez*, 2012 IL 111336, ¶ 54. Therefore, defendant's failure to comply

with Rule 604(d) is not excused, we cannot consider the merits of his appeal, and it must be dismissed. See *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

¶ 20    Appeal dismissed.