**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200461-U

Order filed May 10, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0461 Circuit No. 17-CF-404 |
| MICHAEL L. PITTS, | ) ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Lytton and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The cause is remanded for the circuit court to provide defendant with the postplea admonishments required by Illinois Supreme Court Rule 605(c) and to hold *de novo* postplea proceedings.

¶ 2     Defendant, Michael L. Pitts, appeals following our July 22, 2020, remand for compliance with Illinois Supreme Court Rules 605(c) and 604(d). Defendant argues the La Salle County circuit court failed to comply with our mandate because it did not provide the Rule 605(c)

admonishment and then conduct *de novo* postplea proceedings. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        On October 25, 2018, defendant pled guilty to aggravated fleeing and eluding (625 ILCS 5/11-204.1(a)(4) (West 2016)), unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)), and two counts of unlawful possession of a controlled substance (720 ILCS 570/401(c)(1) (West 2018)). In exchange for defendant's plea of guilty, the State agreed to cap its sentencing recommendation at 18 years' imprisonment.

¶ 5        On December 20, 2018, the circuit court sentenced defendant to an aggregate term of 16 years' imprisonment. The court admonished defendant that he could challenge his sentence or withdraw his plea within 30 days. Defendant filed a motion to reconsider sentence which was denied on April 18, 2019.

¶ 6        On appeal, defendant filed a motion for summary remand to the circuit court for compliance with Supreme Court Rules 605(c) and 604(d). Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001); R. 604(d) (eff. July 1, 2017). The motion alleged that defendant was improperly admonished that he could file a motion to reconsider his sentence and defense counsel failed to file a Rule 604(d) certificate. We granted defendant's motion and remanded the cause "for compliance with Supreme Court rules 605(c) and 604(d)." *People v. Pitts*, No. 3-19-0295 (2020) (unpublished minute order).

¶ 7        On remand, defense counsel informed the court that he had previously filed the certificates pursuant to Rules 604 and 605, but the filing had not reached the court file. He asked the court for leave to refile the certificates. When asked by the court if they would need to set the matter for hearing, defense counsel represented that a hearing had already been held on

2

defendant's motion to reconsider sentence, so no further hearing was necessary. The court noted our order "basically indicate[d]: Remanded with directions for further proceedings. Supreme Court Rule 605(c) and 604(d) is allowed. That's it. In other words, you file them, and we're done. Then they just take it back up." Defense counsel asked the court to enter an order stating that the court had granted him leave to file, and the court entered an order granting counsel "leave to file 605c + 604d pursuant to the mandate." No admonishments were given to defendant. On November 2, 2020, counsel filed a Rule 604(d) certificate and a notice of appeal. The notice of appeal listed the guilty plea and denial of the motion to reconsider sentence. On appeal, appellate counsel filed a motion to amend the notice of appeal. We granted appellate counsel's motion.

¶ 8                                                    II. ANALYSIS

¶ 9            Defendant argues that this case should be remanded again because the circuit court failed to comply with our prior order where it did not admonish defendant of his appeal rights, as required by Rule 605(c). The State agrees that the court did not comply with our prior order but argues that the court did not enter a final and appealable order and, therefore, we lack jurisdiction over this appeal. Therefore, we begin by determining whether we have jurisdiction to hear the appeal. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984) (appellate court must first determine if jurisdiction to hear an appeal exists and must dismiss the appeal if jurisdiction is lacking).

¶ 10           Article VI, section 6, of the Illinois Constitution confers on the appellate court jurisdiction to review final judgments entered by a circuit court. Ill. Const. 1970, art. VI, § 6; *People v. Shinaul*, 2017 IL 120162, ¶ 10. In a criminal case, the final judgment is the sentence. *People v. Allen*, 71 Ill. 2d 378, 381 (1978). "[A]n appeal is perfected by the timely filing of a

3

notice of appeal, and it is this step which vests the appellate court with jurisdiction." *In re J.T.*, 221 Ill. 2d 338, 346 (2006);Ill. S. Ct. R. 606(a) (eff. Mar. 12, 2021). Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) further specifies that when a defendant enters a negotiated plea of guilty, the appellate court may only consider his appeal if defendant first files a motion to withdraw his plea. If no written motion is filed, the appeal must be dismissed. *People v. Foster*, 171 Ill. 2d 469, 471 (1996).

¶ 11    While a defendant's failure to comply with the Rule 604(d) postplea motion requirement generally precludes a reviewing court from considering a defendant's appeal, the supreme court has adopted an admonition exception to this requirement. *People v. Lloyd*, 338 Ill. App. 3d 379, 383 (2003) (citing *Foster*, 171 Ill. 2d at 473). In *Foster*, the supreme court adopted an admonition exception to entertain an appeal where the circuit court failed to issue Rule 605(b) admonitions, notwithstanding the defendant's failure to comply with the written-motion requirement of Rule 604(d). *Foster*, 171 Ill. 2d at 473. The supreme court reasoned "[w]here such admonitions have not been issued, it would violate procedural due process rights to hold a defendant responsible for noncompliance with the strictures of Rule 604(d)." *Id.* In *Lloyd*, the First District reasoned the *Foster* rationale applied equally to omitted Rule 605(c) admonitions because the Rule 605(c) admonitions "are essentially identical to those in Rule 605(b)." *Lloyd*, 338 Ill. App. 3d at 384.

¶ 12    In the instant case, the record establishes that defendant has yet to receive proper Rule 605(c) admonishments. Therefore, under *Lloyd* and *Foster*, this case is excepted from the general postplea written motion prerequisite of Rule 604(d). Moreover, we have authority to address this appeal because it involves the alleged noncompliance with our prior order. See *People v. Mitchell*, 2014 IL App (1st) 120080, ¶ 17; *Sanders v. Shephard*, 163 Ill. 2d 534, 540 (1994)

4

("Vital to the administration of justice is the inherent power of courts to compel compliance with their orders."). Accordingly, we find that we have jurisdiction to address this appeal.

¶ 13    Whether a circuit court complied with a reviewing court mandate is a question of law, subject to *de novo* review. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 352 (2002). A circuit court must obey "the clear and unambiguous directions in a mandate issued by a reviewing court." *People ex rel. Daley v. Schreier*, 92 Ill. 2d 271, 276 (1982).

¶ 14    In defendant's first appeal, we remanded for compliance with Rule 605(c) and Rule 604(d). Rule 605(c) requires the circuit court to provide the following admonition following the entry of a negotiated guilty plea.

"On Judgment and Sentence Entered on a Negotiated Plea of Guilty. In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

"The issuance of Rule 605 admonitions is *mandatory* and a necessary antecedent to the defendant's compliance with the written-motion requirement of Rule 604(d)." (Emphasis added.) *Lloyd*, 338 Ill. App. 3d at 384. Failure to provide the Rule 605(c) admonition requires remand for proper admonishment. *Id.*

¶ 15 Before our prior order, the court erroneously informed defendant that he could challenge his sentence or the entry of his guilty plea in a postplea motion. However, as defendant entered a negotiated guilty plea, he could only move to withdraw the plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Following the court's mistaken admonition, defendant erroneously filed a motion to reconsider sentence. This prompted our initial minute order remanding the cause for Rules 605(c) and 604(d) compliance. *Pitts*, No. 3-19-0295. On remand, the court did not provide the Rule 605(c) admonishment and counsel did not file a motion to withdraw guilty plea, as required by the rule. Therefore, due to the continued Rule 605(c) error, we reverse the denial of

defendant's postplea motion[1] and remand the cause with directions for the court to provide proper Rule 605(c) admonishments and conduct *de novo* postplea proceedings. These proceeding shall include an opportunity for defendant to file a motion to withdraw guilty plea, as required by Rule 604(d) to perfect an appeal. Defense counsel will be required to file a new Rule 604(d) certificate if defendant decides to file a motion to withdraw guilty plea after being fully admonished under Rule 605(c).

¶ 16                               III. CONCLUSION

¶ 17        The judgment of the circuit court of La Salle County is reversed and remanded with directions.

¶ 18        Reversed and remanded with directions.

---

[1]To the extent our prior order did not expressly reverse the circuit court's denial of defendant's motion to reconsider sentence, we now reverse the order to eliminate any ambiguity in the record.