**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220401-U

Order filed August 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0401 Circuit No. 21-CF-321 |
| JERRAD T. WHITEHURST, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(c).

¶ 2    Defendant, Jerrad T. Whitehurst, pled guilty to aggravated criminal sexual abuse and was sentenced to three years' imprisonment. On appeal, defendant argues the La Salle County circuit court erred by failing to properly admonish him regarding the requirements for filing postplea motions in accordance with Illinois Supreme Court Rule 605(c). We remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by superseding indictment with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2018)). Defendant entered a negotiated plea of guilty in exchange for a sentencing cap of five years' imprisonment. Defendant subsequently received three years' imprisonment. After imposing defendant's sentence, the court admonished defendant as follows:

> "This is a final and appealable order, but in order to appeal, you need to file a motion to vacate your guilty plea in this court 30 days from today's date or you waive any further appeal rights.
>
>        If you just want to appeal your sentence, then I—you need to do a motion— well, you can't. You just have to vacate the guilty plea because there was a cap that was done in this case."

Defendant filed a *pro se* notice of appeal within 30 days of sentencing.

¶ 5                                    II. ANALYSIS

¶ 6        Defendant argues on appeal that he failed to file a motion to withdraw his guilty plea in compliance with Rule 604(d) prior to taking this appeal because the circuit court did not adequately admonish him regarding this requirement pursuant to Rule 605(c). See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Defendant asserts that because the court erred, his appeal should not be dismissed and requests we remand with the opportunity to file new postplea motions. Compliance with Rule 604(d) is a condition precedent to an appeal of a plea of guilty and dismissal is proper when this condition is not met. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). Under the admonishment exception to this rule, the cause is remanded rather than dismissed "[i]f the trial court fails to give the admonishments set forth in Rule 605 and the

defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d)." *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 7     When imposing a sentence for a negotiated guilty plea, Rule 605(c) requires the circuit court to advise the defendant:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

3

While it is mandatory that circuit courts admonish defendants pursuant to Rule 605(c), a strict verbatim reading of the rule is not required. *People v. Dominguez*, 2012 IL 111336, ¶¶ 17, 19. Rather, the court must substantially comply with the rule by conveying the substance or "essence" of the rule to a defendant. *Id.* ¶ 22. A court's admonitions are sufficient for substantial compliance with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* However, admonishments that fail to reference certain portions of Rule 605(c) altogether are inadequate. *People v. Perry*, 2014 IL App (1st) 122584, ¶ 16. We review *de novo* whether the court substantially complied with the admonition requirements under Rule 605(c). *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 8 Here, the record reflects that the court did not substantially comply with Rule 605(c) because it did not provide any of the admonitions prescribed in subsections (3), (4), (5) and (6). See *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003) ("The trial court is required to substantially admonish the defendant of *all subsections* of Rule 605(c)." (Emphasis added.)). By not addressing these subsections, the court failed to properly inform defendant of the potential consequences of withdrawing his plea, advise him of his right to appointed counsel, and explain that omitted claims would be waived.

¶ 9 Moreover, the brief admonitions that were given were confusing and misleading. After the court informed defendant in accordance with Rule 605(c)(2) that he would need to file a motion to vacate his guilty plea or he would waive his appeal rights, the court immediately followed with "[i]f you just want to appeal your sentence, then I—you need to do a motion—well, you can't. You just have to vacate the guilty plea because there was a cap that was done in this case." This admonishment suggested defendant could appeal his sentence without first filing a motion to withdraw his guilty plea. While the court attempted to correct the admonishment, it failed to do so

4

with enough clarity to properly inform defendant of the prerequisite jurisdictional steps to taking an appeal pursuant to Rule 604(d). These incorrect admonitions seemingly contributed to defendant incorrectly filing a *pro se* notice of appeal to vacate his guilty plea. It is reasonable to assume that had all of the admonitions under Rule 605(c) been correctly provided, defendant may have instead filed the correct motion, perhaps even with the assistance of counsel, preserving his right to appeal.

¶ 10        In providing unclear admonitions and omitting the admonishments under subsections (3), (4), (5), and (6), the court did not substantially comply with Rule 605(c). Therefore, we remand the cause for proper admonishments in compliance with Rule 605(c) and the opportunity for defendant to file postplea motions under Rule 604(d). See *id.* at 385-86 (case remanded when court did not provide admonishments pursuant to subsections (3), (4), and (5) of Rule 605(c)).

¶ 11                                III. CONCLUSION

¶ 12        For the reasons stated, we remand to the La Salle County circuit court for further proceedings.

¶ 13        Remanded.