**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230028-U

Order filed November 9, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0028 Circuit No. 18-CF-2278 |
| WILLIAM J. DOMINIAK, | ) ) ) | Honorable Daniel D. Rippy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    The circuit court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(c).

¶ 2    Defendant, William J. Dominiak, pled guilty to predatory criminal sexual assault of a child. On appeal, defendant argues the Will County circuit court erred by failing to properly admonish him regarding the requirements for filing postplea motions in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). We remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4        Defendant entered an open plea of guilty to one count of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) in exchange for the dismissal of other charges and was sentenced to 50 years' imprisonment. After imposing its sentence, the court admonished defendant as follows:

> "you have a right to an appeal. Prior to filing your appeal, you must first file a motion with me asking me to reconsider my sentence. If I were to grant that motion, we'd have a new sentencing hearing, we would go through this process again, and I could issue another sentence. If I were to deny your motion, you'd have 30 days from the date of my denial to file a written notice of appeal.
>
> Any claim of error not in your original motion to reconsider sentencing would be waived for purposes of appeal. If I find you to be indigent, I can appoint an attorney to help you in the appeals process. My clerk could help you draft a notice of appeal, and I can provide with you a free copy of the transcript.
>
> The key to the whole thing here is the next 30 days. If you don't do anything or file any motions in the next 30 days, you are waiving your right to an appeal and the sentence will stand."

¶ 5        Defendant filed a motion to reconsider sentence. The court denied defendant's motion and defendant appealed. We remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Dominiak*, No. 3-22-0160 (2022) (unpublished minute order). Defendant subsequently filed a new motion to reconsider sentence, which was denied. Defendant appealed.

¶ 6                                 II. ANALYSIS

2

¶ 7        On appeal, defendant argues that the court did not substantially comply with Rule 605(b) when it failed to admonish him regarding the option to file a motion to withdraw his guilty plea. See Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). Defendant asserts that because the court erred, the matter should be remanded for proper admonishments and the opportunity to file new postplea motions. We review *de novo* whether the court substantially complied with the admonition requirements under Rule 605. *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 8        When imposing a sentence for a guilty plea, Rule 605(b) requires the circuit court to advise defendant:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

3

"(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."

Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

While Rule 605(b) admonishments are mandatory, a verbatim reading of the rule is not required. *Dominguez*, 2012 IL 111336, ¶ 22. Rather, the court must substantially comply with the rule by conveying the substance or "essence" of the rule to a defendant. *Id.* A court's admonitions are sufficient for substantial compliance with the rule when "the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.*

¶ 9        Here, the record demonstrates that the circuit court only admonished defendant of the steps necessary to preserve his right to appeal his sentence. The court did not provide any admonitions regarding the necessity of filing a motion to withdraw his guilty plea as a prerequisite to challenging his plea on appeal. Additionally, defendant was not informed that the State could reinstate charges if the plea was withdrawn and that any issue not raised in a motion to withdraw his plea would be deemed waived. In failing to advise defendant of what he must do in order to preserve his right to appeal his guilty plea, the court did not substantially comply with Rule 605(b). See *People v. Perry*, 2014 IL App (1st) 122584, ¶ 16 (admonishments that fail to reference certain portions of Rule 605 altogether are inadequate). Therefore, we remand the cause for proper admonishments in compliance with Rule 605(b), and the opportunity for defendant to file new postplea motions. See *People v. Jamison*, 181 Ill. 2d 24, 29-30 (1998) (appropriate remedy for insufficient Rule 605(b) admonitions is remand for proceedings consistent with the rule).

¶ 10    In coming to this conclusion, we reject the State's contention that reversal for improper Rule 605(b) admonitions requires a showing of prejudice, as that requirement exclusively applies to Rule 605(a). See *Dominguez*, 2012 IL 111336, ¶ 21 n.4. Moreover, we reject the State's reliance on *Dominguez* and *People v. Lloyd*, 338 Ill. App. 3d 379, 381-82 (2003), for the proposition that the court substantially complied with Rule 605(b). In both cases, the court admonished the defendant that he must file a motion to withdraw his plea to appeal his guilty plea, which the court failed to do in this case. See *Dominguez*, 2012 IL 111336, ¶ 5; *Lloyd*, 338 Ill. App. 3d at 381-82.

¶ 11                                III. CONCLUSION

¶ 12    The judgment of the circuit court of Will County is remanded for further proceedings.

¶ 13    Remanded.