THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PERCY CRUMP, Defendant-Appellant.

First District (3rd Division)    No. 1—02—1330

Opinion filed September 17, 2003.—Rehearing denied December 29, 2003.

Edwin A. Burnette, Public Defender, of Chicago (Robert Brent Pennington, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SOUTH delivered the opinion of the court:

On March 25, 2002, defendant Percy Crump entered negotiated pleas of guilty to three charges: possession of a controlled substance in case number 00 CR 23269, aggravated battery to a police officer in case number 00 CR 08991, and aggravated unlawful use of a weapon in case number 01 CR 07880. Pursuant to the plea agreement, the State nol-prossed seven other charges, which included armed violence, possession of a controlled substance with intent to deliver, and other aggravated unlawful use of a weapon charges. Defendant was sentenced to one year's conditional discharge for possession of a controlled substance and two years for aggravated battery to a police

officer, consecutive to two years for aggravated unlawful use of a weapon.

At the plea hearing, the trial court first identified defendant and learned that he was 20 years old. The trial court then stated the following:

> "All right, I have before me, first of all, an Information filed by the State's Attorney of Cook County which alleges that on or about August 21st, 2000, you committed the offense of possession [of] a controlled substance, you knowingly and unlawfully possessed, otherwise than authorized by the Illinois Controlled Substance Act, less than fifteen grams of a substance containing a certain controlled substance, to-wit: cocaine.
>
> That is a violation of 720—570/402(c), Illinois Compiled Statutes, 1992 as amended.
>
> I have also an Indictment returned by the Cook County Grand Jury which alleges on or about March 7th, 2000, you committed the offense of aggravated battery to a police officer, in that you, in committing a battery, other than by discharge of a firearm, knowingly and intentionally caused bodily har [sic] to Diane Gryzd (phonetic), to-wit: struck her about the body and knocked her down, knowing her to be a peace officer engaged in the execution of her official duties.
>
> That is in violation of Chapter 720, Act 5/12—4(B)(6), Illinois Compiled Statutes, 1993 as amended.
>
> I also have another Indictment returned by the Cook County Grand Jury that on or about February 26th, 2001, you committed the offense of aggravated unlawful use of a weapon, in that you knowingly carried on or about your person a firearm at a time when you were not on your own land or abode or fixed place of business, and that in violation of 720, Act 5/24—1.6(A)(1)3(A), Illinois Compiled Statutes, 2000 as amended."

The trial court then asked defendant if those were the offenses to which he was pleading guilty, to which defendant replied in the affirmative. The trial court then went on to describe the class of each offense, the sentencing ranges and other penalties associated with those offenses. The court also admonished defendant that because he was on bond for the first offense when he committed the second and on bond for the second offense when he committed the third, it was mandatory that he be sentenced to both consecutively. When asked whether he understood, defendant replied that he did.

The court then admonished defendant as follows:

> "THE COURT: Do you also understand that by pleading guilty there won't be a trial, and you will be waiving or giving up certain rights that you have under the law? Do you understand that?

MR. CRUMP: Yes.

THE COURT: Do you understand that you have the right to plead not guilty, you have the right to remain silent, you have the right to confront and cross examine the witnesses against you, and you have the right to force the State to prove you guilty beyond a reasonable doubt. Do you understand that?

MR. CRUMP: Yes, sir.

THE COURT: You also have the right to a trial by jury on all charges. Do you know what a jury trial is?

MR. CRUMP: Yes, sir.

THE COURT: And you have indicated to me that you are aware of that and want to give up that right pursuant to that agreement by signing those documents entitled jury waiver. Is that what you want to do?

MR. CRUMP: Yes, sir.

THE COURT: You also have the right to a presentence investigaition [*sic*], and that means that before any disposition you would be interviewed by a probation officer about your background and about these cases. The purpose of that report is to help me determine what the correct sentence should be.

We know what the sentence is going to be, so there is no need for it, but it is a right that you have.

You indicated that you are aware of that and want to waive that also, is that right?

MR. CRUMP: Yes, sir.

THE COURT: No one has promised you anything in exchange for your plea of guilty other than what your lawyer told you the disposition on the cases would be, is that correct?

MR. CRUMP: Yes."

The State then provided a factual basis for the pleas, which was stipulated to by defense counsel. The court then found that defendant knowingly understood the nature of the charges against him, the consequences thereof, and the possible penalties under the law. The court also found that defendant knowingly understood and comprehended his rights under the law, that defendant wished to waive those rights, plead guilty and stipulate to the facts. The court then entered defendant's guilty pleas on all three offenses and sentenced him as agreed in the plea agreement.

After sentencing, the trial court admonished defendant on his appeal rights as follows:

"You have the right to appeal. Should you choose to appeal, before you file a notice of appeal, you must file in this courtroom, within thirty days to today's date[,] a written motion asking to have your guilty pleas withdrawn,—pleas withdrawn, judgments entered on the findings vacated, setting forth your ground in the motion.

"If you were successful, all these charges would be reinstated, and you would be standing trial on them.

And if you were indigent, you have a right to a free transcript of these proceedings. You also have a right to have an attorney appointed for you free of charge to assist you in drafting that motion and perfecting your notice of appeal."

Defendant did not file a motion to withdraw his pleas but instead filed a *pro se* notice of appeal on April 25, 2002, in which he stated that he was indigent and sought appointed counsel.

Defendant has raised three issues on appeal: (1) whether he was properly admonished under Supreme Court Rule 605(c) (188 Ill. 2d R. 605(c)); (2) whether the trial court's failure to state the terms of the plea agreement in open court violated Supreme Court Rule 402(b) (177 Ill. 2d R. 402(b)); and (3) whether the aggravated unlawful use of a weapon statute (720 ILCS 5/24—1.6 (West 2000)) violates due process because it requires no mental state and permits a felony conviction based on innocent conduct.

Defendant first contends that the trial court did not strictly comply with Rule 605(c) (188 Ill. 2d R. 605(c)). Specifically, he argues that the trial court did not admonish him of the requirements of Rule 605(c)(6) (188 Ill. 2d R. 605(c)(6)), which requires the court to advise a defendant who pleads guilty pursuant to a negotiated plea that he will waive any issues not raised in his motion to withdraw his guilty plea and vacate the judgment. Defendant contends that he is accordingly entitled to have his case remanded so that he may be re-admonished and given the opportunity to file a postplea motion.

Initially, we must determine if defendant's appeal is properly before this court. The State contends that defendant has waived his right to a direct appeal by failing to comply with the requirement that he file a motion to vacate his guilty plea within 30 days.

A defendant's failure to file a Rule 604(d) (188 Ill. 2d R. 604(d)) motion is a prerequisite and a "condition precedent" to a defendant's right to appeal following the entry of a guilty plea. See *People v. McKay*, 282 Ill. App. 3d 108, 110 (1996). A number of appellate court opinions have construed the "condition precedent" language as mandating the Rule 604(d) motion as a jurisdictional requirement. See *People v. Clark*, 276 Ill. App. 3d 1002, 1005 (1995); *People v. Castillo*, 243 Ill. App. 3d 818, 820-21 (1993). Other courts have concluded that the failure to file a Rule 604(d) motion results in the waiver of a defendant's right to appeal. See *People v. Cochrane*, 257 Ill. App. 3d 1047, 1050 (1994); *People v. Young*, 250 Ill. App. 3d 55, 63 (1993).

Our supreme court concluded in *People v. Wilk*, 124 Ill. 2d 93, 107-09 (1988), that defendants who fail to file a Rule 604(d) motion

may not pursue a direct appeal; instead, the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) is the appropriate avenue of relief for such defendants. Thus, the failure to file a Rule 604(d) motion does not remove jurisdiction from the reviewing court; the reviewing court is simply precluded from considering the appeal. See *McKay*, 282 Ill. App. 3d at 111-12.

In the case at bar, defendant failed to file a Rule 604(d) motion to withdraw his guilty plea and has seemingly waived his right to a direct appeal. However, our inquiry does not end there, for our supreme court has adopted an admonition exception to such requirement. See *People v. Foster*, 171 Ill. 2d 469, 473 (1996). In that case, the court held that Rule 605(b) is a necessary corollary to Rule 604(d), and where a trial court failed to issue Rule 605(b) admonishments, the appellate court may entertain an appeal despite the defendant's noncompliance with the Rule 604(d) written-motion requirements. *Foster*, 171 Ill. 2d at 472-73.

Rule 605 has been amended since the supreme court's decision in *Foster* and now includes subsection (c), which applies when a judgment and sentence are entered upon a negotiated plea of guilty. See 188 Ill. 2d R. 605(c) (amended October 5, 2000, effective November 1, 2000). The admonishments contained in the amended Rule 605 are essentially identical to the admonitions contained in subsection (b) of the rule, which previously applied to all cases where defendant entered a guilty plea. See 145 Ill. 2d R. 605(b). We note that the admonition exception contained in *Foster* concerned admonitions given under Rule 605(b) (*Foster*, 171 Ill. 2d at 473); however, because the admonitions in Rule 605(c) that are at issue here concern the consequences of withdrawing a guilty plea and the appellate rights are almost identical to those in Rule 605(b), we find the admonishment exception applies to that rule as well. See *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003). Therefore, we must determine if the case at bar is covered by the admonition exception, by determining whether the trial court complied with Rule 605(c). Because this issue concerns compliance with a supreme court rule, our review is *de novo*. *Lloyd*, 338 Ill. App. 3d at 384.

In analyzing this issue, we find the decision in *People v. Wyatt*, 305 Ill. App. 3d 291 (1999), to be instructive. That case dealt with the precise issue we are facing in the case at bar, except it was pursuant to Rule 605(b)(6). In that case, the trial court admonished defendant as follows:

" 'You do have the right to appeal the sentence of this Court. To do so, you must file within 30 days of today's date your motion to either withdraw your plea of guilty, motion to reconsider the

sentence and then follow it up with your notice of appeal. If you fail to file those written motions, you would lose your right to appeal. Of course, Mr. Light will remain on the case to assist you should you choose to exercise your right to appeal.' " *Wyatt*, 304 Ill. App. 3d at 295.

Rule 605(b)(6) provides that "in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(b)(6). The court found that although the trial court failed to inform defendant that any allegation of error not raised in his motion would be waived on appeal or that any nol-prossed charges could be reinstated if his motion to vacate judgment and withdraw his plea was granted, there was no issue on appeal that allegations were left out of defendant's motion or that any charges were reinstated to defendant's surprise. *Wyatt*, 305 Ill. App. 3d at 295-96. The court concluded that the trial court substantially admonished the defendant in accordance with the rule, and that any missed verbiage did not prejudice defendant in his pursuit of postsentencing relief. *Wyatt*, 305 Ill. App. 3d at 296.

The instant case is governed by Rule 605(c)(6), which contains a provision very similar to Rule 605(b)(6). Rule 605(c)(6) provides that "in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(c)(6). Here, as in *Wyatt*, the trial court failed to inform defendant that any allegation of error not raised in his motion would be waived on appeal or that any nol-prossed charges could be reinstated if his motion to vacate judgment and withdraw his plea was granted. However, we conclude that defendant was substantially advised of his appeal rights following his guilty plea and that he was not prejudiced by the missing verbiage. We, therefore, find that defendant was properly admonished under Rule 605(c) and that his failure to file a Rule 604(d) motion is not covered by the admonition exception. Consequently, defendant has waived his right to a direct appeal, and accordingly we dismiss this appeal.

Appeal dismissed.

WOLFSON and HALL, JJ., concur.