THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TANESHA GOUGISHA, Defendant-Appellant.

First District (4th Division)    No. 1—02—1701

Opinion filed March 11, 2004.—Rehearing denied April 29, 2004.

159

Michael J. Pelletier and Lisa E. Rousso, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Campos, and Kenneth D. Jenkins, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a guilty plea, defendant Tanesha Gougisha was convicted of aggravated battery of a child and sentenced to 12 years in prison. On appeal, defendant contends that she entered into an open rather than negotiated guilty plea, and thus, her case must be remanded to the trial court because it failed to properly admonish her regarding her right to file a motion for reconsideration of her sentence in accordance with Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)). Defendant also contends that her mittimus should be amended to reflect full credit for the number of days she spent in custody prior to sentencing.

Defendant and codefendant Heywood Moses[1] were each charged with attempted first degree murder, aggravated battery of a child and two counts of aggravated battery based upon their three-day beating of defendant's 18-month-old daughter. In response to an inquiry by the court at the January 11, 2002, joint hearing, defendant and codefendant acknowledged that they knew what the offers were upon a plea of guilty. Codefendant's counsel then stated "[f]or the record,

[1]Codefendant is not a party to this appeal.

Judge, there was a 402 conference. The offer was 12" years for a guilty plea. Both parties then scheduled a status hearing for January 28, 2002.

At the status hearing, defense counsel stated "I believe as a result of the 402 conference on the last Court date, the defendant will be entering a plea of guilty to count 2, aggravated battery of a child in exchange for your Honor's offer of 12 years Illinois Department of Corrections." Defendant pleaded guilty and the trial court admonished her of her rights to plead not guilty and to have a jury trial, and ensured that her plea was voluntary. The court informed defendant that she could receive up to 30 years in prison, then stated "[m]y offer to you was 12 years." The parties stipulated to the factual basis for the plea and defendant swore to its veracity. Thereafter, the trial court found defendant guilty of aggravated battery of a child, granted the State's motion for a *nolle prosequi* for the remaining charges, and sentenced defendant to 12 years in prison.

The court informed defendant that the only reason she was not sentenced to 30 years in prison was due to her lack of a criminal background, and if she had not pleaded guilty, she would have faced an extended prison term. The trial court then admonished defendant as follows:

> "You have 30 days to vacate your plea or you forever waive that right. That motion must be made in writing stating forth the reasons why. If you don't have money for a lawyer, one will be provided free of charge to assist you, and [a] transcript will be provided free of charge."

Defendant did not file a written motion to withdraw her guilty plea as required by Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d). This court, however, allowed defendant to file a late notice of appeal in which she asserted that her tardiness was not due to her culpable negligence because she was unaware of her right to appeal as no one had advised her of that right.

On appeal, defendant contends that her case must be remanded to the trial court for proper admonishments because her guilty plea was not negotiated, and the trial court failed to admonish her of her right to file a motion to reconsider her sentence in accordance with Rule 605(b). The State argues that the plea was negotiated and defendant was properly admonished pursuant to Rule 605(c); however, it asserts that this court must dismiss the appeal because defendant waived her appeal rights when she failed to file a postplea motion under Rule 604(d).

■ Rule 604(d) dictates that when a defendant wishes to appeal from a judgment entered on a guilty plea, whether negotiated or open,

she must first file a written postplea motion with the trial court as a condition precedent to her appeal. *People v. Dunn*, 342 Ill. App. 3d 872, 876 (2003). The Illinois Supreme Court requires strict compliance with Rule 604(d) (*In re William M.*, 206 Ill. 2d 595, 605 (2003)); however, defendant's failure to file a Rule 604(d) motion does not deprive the court of jurisdiction, but may result in waiver of her right to appeal (*Dunn*, 342 Ill. App. 3d at 877). Under the "admonition exception" to the motion requirement, an appellate court may consider an appeal despite defendant's noncompliance with Rule 604(d) in cases where the trial court failed to give sufficient Rule 605 admonitions. *William M.*, 206 Ill. 2d at 602. Since a defendant who enters a negotiated guilty plea is admonished pursuant to Rule 605(c), and a defendant who enters an open guilty plea is advised under Rule 605(b), we must first determine whether defendant entered a negotiated or an open guilty plea. *Dunn*, 342 Ill. App. 3d at 878.

■ Rules 604(d) and 605(b) and (c) all state that a negotiated plea "is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." 188 Ill. 2d Rs. 604(d), 605(b), (c). A plea agreement that precludes the State from arguing for a sentence from the full range of available penalties is a negotiated, not an open, plea. *Dunn*, 342 Ill. App. 3d at 880.

■ Similar to *Dunn*, defendant here argues that she entered an open guilty plea because her agreement was with the trial court, not the State. We find that her contention is belied by the record. At the January 11, 2002, hearing, defendant told the court that she knew what the offer was if she pled guilty, and codefendant's counsel stated that a Rule 402 conference had been held and that defendants were offered 12 years in prison for their guilty pleas. At the next status hearing, defense counsel informed the court that "as a result of the 402 conference" defendant was pleading guilty to the one charge of aggravated battery of a child in exchange for the court's offer of 12 years in prison. Rule 402 states that plea agreements are reached by the parties and cannot be initiated by the trial court. 177 Ill. 2d R. 402(d). The statements of counsel illustrate that the parties agreed to the 12-year prison term in exchange for defendant's guilty plea, and the court concurred with the terms of the agreement. See *Dunn*, 342 Ill. App. 3d at 880.

Furthermore, after the trial court found defendant guilty of aggravated battery of a child, it granted the State's motion for a *nolle prosequi* for the remaining charges against defendant. The court then informed defendant that she did not receive a 30-year sentence due to

her lack of a criminal background, and that if she had not pled guilty, she would have received an extended term in prison. These statements further demonstrate that the State was precluded from arguing for a sentence from the full range of available penalties. We therefore conclude that defendant entered into a negotiated, not an open, guilty plea.

■ Having so concluded, we next examine the trial court's admonishments following acceptance of defendant's guilty plea and determine whether they complied with the requirements of Rule 605(c). Our review of the trial court's compliance with the supreme court rules is *de novo*. *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003). Trial courts are held to strict compliance with the admonition requirements of Rule 605(c) and must substantially advise defendant of each subsection (*Lloyd*, 338 Ill. App. 3d at 384), but they are not required to use the exact language of the rule (*Dunn*, 342 Ill. App. 3d at 881).

■ Rule 605(c) provides that when the trial court imposes a sentence pursuant to a negotiated guilty plea, it shall advise the defendant:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(c).

■ Here, we find that the trial court failed to substantially admonish defendant in accordance with Rule 605(c). Most significantly, the trial court completely failed to advise defendant that she had a right to appeal. Although the trial court advised defendant that she had 30 days to file a written motion to vacate her plea, and that counsel and a

transcript would be provided, the court did not tell defendant that her motion had to be filed prior to filing an appeal. In addition, the court made no mention of the admonitions contained in subsections (3), (4) and (6) of Rule 605(c) concerning the potential consequences of withdrawing her plea. See *Lloyd*, 338 Ill. App. 3d at 385. Based upon the trial court's failure to substantially admonish defendant pursuant to Rule 605(c), we find that defendant's failure to file a Rule 604(d) motion is excused, and this court must remand the cause to the trial court for strict compliance with Rule 605(c). *William M.*, 206 Ill. 2d at 602; *Lloyd*, 338 Ill. App. 3d at 385.

■ Defendant also contends, and the State agrees, that she is entitled to sentencing credit for 885 days served, rather than 881, and that the mittimus should be amended to reflect the correct number. We direct the trial court to make this correction on remand.

In sum, we remand the cause to the circuit court of Cook County to properly admonish defendant in accordance with Rule 605(c) within 30 days of the date our mandate is filed in the trial court so that defendant may have an opportunity to file a motion to withdraw her guilty plea pursuant to Rule 604(d) if she so desires. If defendant is found to be indigent, the trial court shall appoint counsel to assist her. If defendant files a postplea motion and it is denied by the trial court, she may then appeal the denial of that motion. In addition, the trial court is further directed to correct defendant's mittimus on remand.

Remanded with directions.

QUINN, P.J., and THEIS, J., concur.