NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220655-U

NO. 4-22-0655

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 23, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Scott County |
| COTY NEWINGHAM, | ) | No. 21CF21 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | David R. Cherry, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court substantially complied with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and defendant's failure to file a motion to withdraw his guilty plea is not cured by the "admonition exception" because he was specifically admonished on that point.

¶ 2       On April 14, 2022, defendant Coty Newingham was sentenced to three years in prison for burglary (720 ILCS 5/19-1(a) (West 2020)) as part of a negotiated plea agreement. He did not file a motion to withdraw his negotiated guilty plea under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), but he filed a late notice of appeal on August 1, 2022, which we allowed. On appeal, he seeks a remand based upon the trial court's alleged failure to properly admonish him under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 3       We dismiss the appeal.

¶ 4                              I. BACKGROUND

¶ 5            Defendant was charged with burglary for allegedly entering a building with the intent to commit a theft. At an April 14, 2022, hearing, the State announced that defendant had agreed to plead guilty to burglary and to be sentenced to three years in the Illinois Department of Corrections to run concurrently with Greene County case No. 21-CF-120. The agreement provided that defendant would not receive any credit for time served and that he would be assessed court costs and a public defender reimbursement of $1,036.50. Additionally, the State would withdraw its petition to revoke probation in case No. 20-CF-11.

¶ 6            The trial court then advised defendant that he had been charged with burglary of a building, a Class 2 felony (720 ILCS 5/19-1(b) (West 2020)), and that a sentence of between three and seven years could be imposed. 730 ILCS 5/5-4.5-35(a) (West 2020). Because defendant was eligible for an extended-term sentence, the court further advised him that he potentially faced up to 14 years in prison, plus a maximum fine of $25,000. *Id.*

¶ 7            Defendant, who was at the time represented by counsel, was sentenced in accordance with the negotiated agreement and given the following admonishment:

        "THE COURT: Okay. You have a right to an appeal.

        [DEFENDANT]: Okay.

        THE COURT: If you don't like the deal you've made, and you may not, you have 30 days from today's date to file a written motion asking the Court to allow you to withdraw your plea of guilty.

        [DEFENDANT]: Okay.

THE COURT: [Counsel's] appointment to represent you will continue for 30 days to grant you access to an attorney to help you with that motion if you wish to do so.

If I deny your motion, then you'll have an additional 30 days to file a Notice of Appeal with the Appellate Court in Springfield.

[DEFENDANT]: Okay.

THE COURT: Any questions about that?

[DEFENDANT]: No, sir."

¶ 8　　　　No postjudgment motions were filed, but we allowed defendant's filing of a late notice of appeal. Defendant's supporting affidavit stated that the reason for the late filing was that his public defender "did not advise me that I only had 30 days."

¶ 9　　　　This appeal followed.

¶ 10　　　　　　　　　　　　　　II. ANALYSIS

¶ 11　　　　The State contends that defendant has waived his right to a direct appeal by failing to comply with Rule 604(d)'s requirement that he file a motion to vacate his negotiated guilty plea within 30 days. In *People v. Wilk*, 124 Ill. 2d 93, 107 (1988), our supreme court held that a defendant who fails to file a Rule 604(d) motion may not pursue a direct appeal; instead, the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) is the appropriate avenue of relief for such defendants. The failure to file a Rule 604(d) motion does not remove jurisdiction from the reviewing court; the reviewing court is simply precluded from considering the appeal. *People v. Crump*, 344 Ill. App. 3d 558, 562 (2003) (citing *People v. McKay*, 282 Ill. App. 3d 108, 111-112 (1996)).

¶ 12        Although the failure to file a Rule 604(d) motion to withdraw a guilty plea normally waives the defendant's right to a direct appeal, our supreme court has adopted an "admonition exception," which allows an appellate court "to entertain appeals where trial courts fail to issue Rule 605(b) admonitions, notwithstanding noncompliance with Rule 604(d)'s written-motion requirement." *People v. Foster*, 171 Ill. 2d 469, 473 (1996). "[W]here a trial court has failed to issue Rule 605(b) admonitions, the appellate court may entertain an appeal from a sentence despite defendant's noncompliance with the written-motion requirement of Rule 604(d)." *Id*. This "admonition exception," although initially discussed in the context of Rule 605(b), applies equally to alleged violations of Rule 605(c). *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003) (citing *People v. Munoz*, 319 Ill. App. 3d 822, 824 (2001) (amended admonitions contained in Rule 605(c) are consistent with admonition requirements under Rule 605(b)).

¶ 13        We therefore examine whether the trial court complied with Rule 605(c) to determine if the "admonition exception" is applicable here. The question of whether there was compliance with Rule 605(c) is one of law that is reviewed *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004); *Lloyd*, 338 Ill. App. 3d at 384.

¶ 14        Looking to Rule 605(c), the admonitions required in a case involving a negotiated plea of guilty are as follows:

> "[T]he trial court shall advise the defendant substantially as follows:
>
> (1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. Rule 605(c) (eff. Oct. 1, 2001).

¶ 15        Defendant contends that the admonitions in subsections (c)(3), (4), and (6) were not given at all, that the admonition in subsection (c)(5) was only partially given, and that the admonition in subsection (c)(2), although given, was unclear. The State contends that the admonitions given substantially complied with the rule and that defendant was provided with sufficient information to timely file his Rule 604(d) motion.

¶ 16        We agree with the State.

¶ 17        Rule 605(c) does not require the trial court to " 'completely' " inform a defendant of the requirements, "nor does it say that the court must 'strictly read verbatim' from the rule. Rather, it uses the term 'substantially advise.' " *People v. Dominguez*, 2012 IL 111336, ¶ 17;

*People v. Jones*, 2013 IL App (4th) 120300, ¶ 12. Thus, a trial court must " 'substantially' " advise a defendant under Rule 605(c) "in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Dominguez*, 2012 IL 111336, ¶ 22. Therefore, "[s]o long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule," and "automatic remand is not necessary." *Id.* Accordingly, incomplete admonishments require remand " 'only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment.' " *People v. Landerman*, 2018 IL App (3d) 150684, ¶ 60 (quoting *People v. Henderson*, 217 Ill. 2d 449, 466 (2005)).

¶ 18         Here, the question is whether the admonishments given informed defendant of the basic procedures he needed to follow in order to perfect his appeal: filing a timely motion aimed at his guilty plea (Rule 604(d)) and then filing a timely notice of appeal (Illinois Supreme Court Rule 606(b) (eff. Mar. 12, 2021)). The trial court informed defendant that he had a right to appeal and advised him, "If you don't like the deal you've made, and you may not, you have 30 days from today's date to file a written motion asking the Court to allow you to withdraw your plea of guilty." It also advised him that he had the services of appointed trial counsel available to assist him and then admonished defendant that, "If I deny your motion, then you'll have an additional 30 days to file a Notice of Appeal with the Appellate Court in Springfield." Defendant acknowledged that he understood and had no questions.

¶ 19         All admonitions needed for defendant to comply with Rule 604(d), including the time for filing his motion and a notice of appeal, were provided in the trial court's admonishment. The allegedly deficient language did not impair defendant's ability to comply with the time

constraints of Rule 604(d) (requiring a motion to be filed within 30 days of sentencing and as a prerequisite to filing a notice of appeal), so he has not been prejudiced.

¶ 20        We find support for our decision in the supreme court's opinion in *In re J.T.*, 221 Ill. 2d 338, 347-48 (2006), where it held that a circuit court's Rule 605(c) admonishments satisfied the rule where the admonishments, while not perfect, largely specified the essence of the rule. See *Dominguez*, 2012 IL 111336, ¶ 20. The court stated, "While these admonitions did not strictly comply with Rule 605(c), they were sufficient to put [defendant] on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *J.T.*, 221 Ill. 2d at 347-48. The same is true here.

¶ 21        Defendant argues that other various portions of Rule 605(c) were omitted from the trial court's admonishment (specifically, subsections (c)(3), (4), (6), and partially subsection (5)). According to *Crump*, in reviewing an admonishment, an appellate court must consider whether any missed verbiage "prejudice[d] [the] defendant in his pursuit of postsentencing relief." *Crump*, 344 Ill. App. 3d at 563; see *People v. Wyatt*, 305 Ill. App. 3d 291, 296 (1999). Yet the omission of these subsections did not in any way prejudice defendant.

¶ 22        Case law provides that a failure to provide a particular admonishment is only prejudicial if the lack of information prejudiced the defendant. *People v. Valentin*, 347 Ill. App. 3d 946, 955 (2004). For example, in *Wyatt*, the appellate court held that the trial court substantially admonished the defendant in accordance with the rule and that any missed verbiage did not prejudice him in his pursuit of postsentencing relief. *Wyatt*, 305 Ill. App. 3d at 296. Rule 605(b)(6) provided that " 'in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.' " *Id.* at 295 (quoting Rule 605(b)(6)). Although the

trial court failed to inform the defendant that any allegation of error not raised in his motion would be waived on appeal or that any nol-prossed charges could be reinstated if his motion to vacate the judgment and withdraw his plea was granted, there was no suggestion on appeal that allegations were omitted from defendant's motion or that he was surprised by the reinstatement of any charges. *Id*. at 295-96; see also *Crump*, 344 Ill. App. 3d at 563 (same result).

¶ 23 Similarly, in *Valentin*, the defendant argued he was entitled to file a new motion to reconsider his sentence because the trial court failed to tell him that he must include in his motion to reconsider his sentence all issues and claims of error relative to his sentence in violation of Rule 605(a)(3). *Valentin*, 347 Ill. App. 3d at 954. Although concluding that the trial court had not informed the defendant about waiving issues relevant to sentencing if they were not included in his motion, the appellate court nevertheless observed that "defendant timely filed his motion to reduce his sentence" and that he failed to identify any specific issue that was deemed waived by his not having been admonished in accordance with Rule 605(a)(3). *Id*. at 955. The *Valentin* court thus concluded it was "not apparent that defendant suffered any prejudice as a result of the trial court's omission." *Id*. Accordingly, the defendant was "substantially admonished in accordance with Rule 605." *Id*.

¶ 24 Defendant relies heavily upon *People v. Perry*, 2014 IL App (1st) 122584, which found the trial court's admonishments inadequate. However, we find *Perry* factually distinguishable. In *Perry*, "the admonishments were brief and at times unclear" and at "first implied [the defendant] had 30 days to file a direct appeal." (Emphasis omitted.) *Id.* ¶ 17. Although the trial court later attempted to clarify the admonishment, the appellate court found the admonishments insufficient because they "lacked the specificity necessary to resolve any ambiguity." *Id.*

¶ 25    Here, unlike *Perry*, the trial court's admonishments were not ambiguous and did not imply that defendant had 30 days to file a direct appeal from his guilty plea before filing the requisite Rule 604(d) motions. *Id.* Moreover, the court did not confuse the difference between a postplea motion and a notice of appeal. Rather, defendant was provided with sufficient information about the motion he needed to file and the time within which he was required to file it.

¶ 26    We conclude the trial court substantially complied with Rule 605(c) and that it specifically complied with the requirement that it advise defendant that he must file a motion to withdraw his guilty plea in order to appeal. Defendant's failure to file this motion is not cured by the "admonition exception" because he was specifically admonished on that point.

¶ 27                                    III. CONCLUSION

¶ 28    Consequently, defendant has waived his right to appeal and, accordingly, we dismiss this appeal.

¶ 29    Appeal dismissed.