NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221099-U

NO. 4-22-1099

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Marshall County |
| JEROME L. DILLON, | ) | No. 22CF34 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Bruce Fehrenbacher, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court dismissed defendant's appeal where the trial court
substantially complied with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001)
and defendant failed to file a motion to withdraw his guilty plea prior to pursuing
this appeal.

¶ 2    On November 20, 2022, defendant, Jerome L. Dillon, entered a negotiated guilty

plea to unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)).

Defendant failed to file a motion to withdraw his guilty plea pursuant to Illinois Supreme Court

Rule 604(d) (eff. July 1, 2017). On December 20, 2022, defendant timely filed a notice of appeal.

On appeal, he seeks remand based upon the trial court's alleged failure to properly admonish him

under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). We dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4          Initially, defendant was charged with unlawful delivery of more than 100 but less than 400 grams of methamphetamine (720 ILCS 646/55(a)(1) (West 2022)). In November 2022, the State filed an additional count, charging the defendant in count II with unlawful possession of less than 15 grams of a controlled substance, methamphetamine (720 ILCS 570/402(c) (West 2022)).

¶ 5          On the same day, defendant entered a negotiated guilty plea to count II, unlawful possession of a controlled substance. Defendant was sentenced to 24 months' first offender probation (*id.* 410 *et seq.* (West 2022)) and 136 days in the Marshall County jail with credit for time served in exchange for the State dismissing the unlawful delivery of methamphetamine charge.

¶ 6          Following defendant's guilty plea, the trial court admonished defendant as follows:

"Even though you have pled guilty, you have a right to appeal. You would first need to file with this [c]ourt a motion to withdraw your plea of guilty. You would need to do that within 30 days of today's date and in writing. You would need to include in that motion all grounds you have in support of it.

You have a right to an attorney. If you can't afford an attorney, an attorney would be appointed to represent you. You have a right to a transcript of any proceeding. If you can't afford a transcript, a free copy of the transcript would be provided to you.

Do you understand those rights?"

Defendant acknowledged he understood.

¶ 7          The State then added:

"[D]efendant should be aware, because Count Two is a Class Four felony, if he would violate the terms of his probation, the State could elect to file a petition to revoke [probation]. *** [I]f the State was successful, he could face one to three years in the Illinois Department of Corrections and up to a $25,000 fine."

Subsequently, the trial court asked defendant if he understood "all of that," and defendant acknowledged he did.

¶ 8  No postjudgment motions were filed.

¶ 9  This appeal followed.

¶ 10         II. ANALYSIS

¶ 11  On appeal, defendant argues the trial court failed to properly admonish him under Rule 605(c). Specifically, defendant contends the court did not give the subsection (c)(3), (4), and (6) admonishments. Therefore, defendant maintains the matter should be remanded to the trial court for new Rule 605(c) admonishments and postplea proceedings that strictly comply with Rule 604(d).

¶ 12  The State responds the court substantially advised defendant under Rule 605(c) and defendant was provided with sufficient information to timely file his Rule 604(d) motion. Consequently, the State maintains defendant's appeal should be dismissed because he forfeited his appeal rights through his failure to comply with the Rule 604(d) requirement to file a motion to withdraw his negotiated guilty plea prior to filing his notice of appeal.

¶ 13         A. Rule 604(d)

¶ 14  Rule 604(d) provides, in pertinent part, the following:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial

court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 15 A defendant who fails to file a Rule 604(d) motion may not pursue a direct appeal. *People v. Wilk*, 124 Ill. 2d 93, 107, 529 N.E.2d 218, 223 (1988) (stating a Rule 604(d) motion is a condition precedent to an appeal from a guilty plea). Failure to file a Rule 604(d) motion does not remove jurisdiction from the reviewing court; rather, it precludes the reviewing court from considering the appeal. *People v. Crump*, 344 Ill. App. 3d 558, 562, 801 N.E.2d 1, 4 (2003).

¶ 16 However, the "admonition exception" may apply "where [the] trial court has failed to issue Rule 605(b) admonitions, the appellate court may entertain an appeal from a sentence despite [a] defendant's noncompliance with the written-motion requirement of Rule 604(d)." *People v. Foster*, 171 Ill. 2d 469, 473, 665 N.E.2d 823, 825 (1996). Although in *Foster*, this exception applied to Rule 605(b) admonishments, the "admonition exception" also applies to alleged violations of Rule 605(c). *People v. Lloyd*, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1172-73 (2003) (citing *People v. Munoz*, 319 Ill. App. 3d 822, 824, 746 N.E.2d 903, 905 (2001)).

¶ 17 Therefore, we examine whether the trial court substantially advised defendant under Rule 605(c). Compliance with Rule 605(c) is reviewed *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512, 821 N.E.2d 1176, 1178 (2004).

¶ 18 B. Rule 605(c)

¶ 19 The admonishments required by Rule 605(c) in cases involving a negotiated guilty plea are as follows:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."

Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 20    Rule 605(c) does not require the trial court to " 'completely' " inform a defendant of the requirements, "nor does it say that the court must 'strictly read verbatim' from the rule.

Rather, it uses the term 'substantially advise.' " *People v. Dominguez*, 2012 IL 111336, ¶ 17, 976 N.E.2d 983. To substantially advise a defendant under Rule 605(c), the trial court must advise a defendant "in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22. Therefore, "[s]o long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule," and "automatic remand is not necessary." *Id.* Incomplete admonishments by the court require remand " 'only where there has been prejudice or a denial of real justice as a result of the inadequate admonishment.' " *People v. Landerman*, 2018 IL App (3d) 150684, ¶ 60, 127 N.E.3d 809 (quoting *People v. Henderson*, 217 Ill. 2d 449, 466, 841 N.E.2d 872, 881 (2005)).

¶ 21        In support of his contention the trial court's admonishments did not comply with Rule 605(c), defendant cites *People v. Gougisha*, 347 Ill. App. 3d 158, 807 N.E.2d 515 (2004), and *People v. Perry*, 2014 IL App (1st) 122584, 23 N.E.3d 424.

¶ 22        The *Gougisha* court found the trial court's admonishments failed to substantially comply with Rule 605(c). *Gougisha*, 347 Ill. App. 3d at 163. In *Gougisha*, the trial court failed to admonish the defendant of subsections (c)(3), (4), and (6). *Id.* The court noted, "Most significantly, the trial court completely failed to advise [the] defendant that she had a right to appeal." *Id.* at 162. Although the trial court had informed the defendant she had 30 days to file a motion to withdraw her guilty plea, the court "did not tell [the] defendant that her motion [to withdraw the guilty plea] had to be filed prior to filing an appeal." *Id.* Thus, her failure to file a motion to withdraw her guilty plea was excused. *Id.* at 163.

¶ 23        The *Perry* court also found the trial court's Rule 605(c) admonishments "insufficient." *Perry*, 2014 IL App (1st) 122584, ¶ 17. The court noted admonishments under

subsections (c)(4) and (6) were not given to the defendant. *Id.* ¶ 16. The court also found the trial court's admonishments pertaining to subsection (c)(2) were "brief and at times unclear," implying the defendant "had 30 days to file a *direct appeal*." (Emphasis in original) *Id.* ¶ 17. Specifically, the court stated, " 'Sir, you have the right to appeal; that has to be filed within 30 days of today's date.' " *Id.* The reviewing court noted the trial court's subsequent reference to a motion to withdraw the guilty plea "lacked the specificity necessary to resolve any ambiguity" in the court's implied admonishment regarding 30 days to file a direct appeal. *Id.* Thus, because the trial court's admonishments failed to substantially advise the defendant of the process to appeal, his failure to first file a motion to withdraw his guilty plea was excused. *Id.*

¶ 24                                    C. This Case

¶ 25           While the issue presented here is the same, we find *Gougisha* and *Perry* factually distinguishable from this case. In all three cases, the question presented is whether the admonishments given by the trial court substantially advised defendant of the basic procedures he needed to follow to perfect his appeal, including filing a timely motion to withdraw his guilty plea pursuant to Rule 604(d) prior to filing a timely notice of appeal pursuant to Illinois Supreme Court Rule 606(b) (eff. July 1, 2017). Thus, to substantially comply with Rule 605(c), the court needed to inform defendant "what he must do in order to preserve his right to appeal his guilty plea." *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 26           Here, unlike *Gougisha*, the trial court advised defendant of his right to appeal. The court was explicit that prior to filing an appeal, defendant "would first need to file with [the trial court] a motion to withdraw [his] plea of guilty" and do so in writing within 30 days. Additionally, unlike *Perry*, the court's admonishments were not ambiguous and did not imply defendant had 30 days to file a direct appeal from his guilty plea before filing the requisite Rule 604(d) motion.

¶ 27        We find this matter similar to *People v. Newingham*, 2023 IL App (4th) 220655-U. In *Newingham*, the defendant entered into a negotiated plea agreement and was sentenced to three years' imprisonment for burglary. *Id.* ¶ 2. The defendant did not file any postjudgment motions. *Id.* ¶ 8. On appeal, the defendant argued the trial court's Rule 605(c) admonishment on subsection (c)(2) was unclear, the admonishment on subsection (c)(5) was only partially given, and the admonishments given on subsections (c)(3), (4), and (6) were not given at all. *Id.* ¶ 15. We held the trial court substantially complied with Rule 605(c) when it advised the defendant "that he must file a motion to withdraw his guilty plea in order to appeal." *Id.* ¶ 26.

¶ 28        Here, like in *Newingham*, defendant was put on notice by the trial court that to preserve his right to an appeal, he must first file a motion to withdraw his guilty plea. The court's admonishment was not ambiguous and was sufficient to put defendant "on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *In re J.T.*, 221 Ill. 2d 338, 348, 851 N.E.2d 1, 6-7 (2006).

¶ 29        Defendant was substantially advised of his appeal rights, especially the necessary first step of filing a motion to withdraw his guilty plea. The "missed verbiage" of subsections (c)(3), (4), and (6) "did not prejudice defendant in his pursuit of post-sentencing relief." *Crump*, 344 Ill. App. 3d at 563 (holding the trial court substantially complied with Rule 605(c) where the court failed to admonish the defendant of subsections (c)(4) and (6)). Defendant's failure to comply with Rule 604(d) is not ameliorated by the trial court's failure to recite all of the Rule 605(c) subsections verbatim because he was specifically admonished he needed to file a motion to withdraw his guilty plea to preserve his right to appeal. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40, 944 N.E.2d 337, 342 (2011) ("Where a defendant has failed to file a motion to withdraw the guilty plea, the appellate court must dismiss the appeal.").

¶ 30      We conclude the trial court advised defendant that he must file a motion to withdraw his guilty plea to preserve his right to appeal. Thus, the court substantially complied with Rule 605(c).

¶ 31                          III. CONCLUSION

¶ 32      For the reasons stated, defendant forfeited his right to appeal and, consequently, we dismiss this appeal.

¶ 33      Appeal dismissed.