2024 IL App (5th) 231135-U

NO. 5-23-1135

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
Decision filed 07/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-422 |
| | ) | |
| KRISTIN DENHALTER, | ) | Honorable |
| | ) | Charles C. Hall, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Dismissal of the defendant's appeal is proper and review of the appeal on the merits is precluded by the defendant's failure to file a timely motion to withdraw her guilty plea pursuant to Illinois Supreme Court Rule 604(d). As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and dismiss the appeal.

¶ 2   Defendant Kristin Denhalter entered into a negotiated plea of guilty on one count of felony violating an order of protection in exchange for being sentenced to two years in the Illinois Department of Corrections (IDOC) and four years of mandatory supervised release. She would serve 50% of the sentence and receive credit for time served. She did not file any postplea motions, but instead filed a notice of appeal. Her appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has moved to withdraw, concluding that her appeal presents no issues of arguable merit. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified the

1

defendant of the motion, and she has filed a response. After considering the record on appeal, OSAD's motion and supporting memorandum, and the defendant's response, we agree that this appeal presents no issues of arguable merit. Accordingly, we grant OSAD leave to withdraw and dismiss the appeal.

¶ 3                                                BACKGROUND

¶ 4      In April 2023, the defendant was served with an order of protection naming her parents as protected parties and the parents' home as a protected address. Prior to the events of the underlying case, she incurred two misdemeanor convictions for violating the order. She received sentences of 18 months of probation and 12 months conditional discharge, respectively. As a result of the present case, the State filed a motion for both of the prior sentences to be terminated unsatisfactorily, which the circuit court granted.

¶ 5      In the underlying case, the defendant was charged with violation of an order of protection (subsequent offense), a Class 4 felony. The indictment alleged that she was present at a protected address and had previously been convicted of violation of an order of protection.

¶ 6      According to the pretrial investigation report, on July 19, 2023, the day of her second misdemeanor conviction for violating the order, the defendant reported to probation services and went to a women's shelter. The shelter had no available beds, and the defendant then went to her parents' house. When her parents returned home, they contacted the police and the defendant was arrested and charged.

¶ 7      The State filed a motion to deny pretrial release, arguing that the defendant posed a real and present threat to her parents and no combination of conditions could mitigate the threat to their safety. The court granted the motion, finding that the dangerousness standard was met because the

2

defendant violated a protection order and threatened her parents on the same day that she was convicted of her second misdemeanor violation of the order.

¶ 8    On October 10, 2023, the court was informed that the defendant would enter into a negotiated plea. Under the terms of the plea agreement, the defendant would plead guilty to one count of violation of an order of protection, a Class 4 felony, and would be sentenced to two years in the IDOC and four years of mandatory supervised release. She would be eligible for day-for-day good conduct credit and would receive credit for time served. The defendant confirmed that she was aware of the terms of the agreement.

¶ 9    The circuit court informed her of the charge against her and explained the nature of the allegations. The court further explained that the offense was punishable by one to three years in the IDOC, followed by four years of mandatory supervised release. The defendant stated that she understood.

¶ 10    The court then explained that she had the following rights: to persist in her plea of not guilty, to plead not guilty, or to plead guilty; to a jury or bench trial; to confront and cross-examine the State's witnesses; to subpoena her own witnesses; to testify or remain silent; and to have the State prove her guilty beyond a reasonable doubt. She was further informed that by pleading guilty, she would be giving up those rights. The defendant confirmed that she understood and that she had signed the negotiated plea.

¶ 11    The State's factual basis was that the defendant was served with a copy of the protection order prior to this offense. She was identified as the person present at a protected address relating to the order of protection case and had previously been convicted of two misdemeanor violations of an order of protection. The defendant stipulated that this was the testimony that the State's

3

witnesses would provide if the case went to trial. The State provided the defendant's criminal history; defense counsel and the State waived a presentence investigation.

¶ 12    The circuit court accepted the guilty plea and found it was knowing, voluntary, and supported by a factual basis. The court then admonished the defendant regarding her right to appeal, reading her the requirements for an appeal from a negotiated guilty plea pursuant to Illinois Supreme Court Rule 605(c) (eff. Sept. 18, 2023). The defendant confirmed that she understood.

¶ 13    The defendant did not file any postplea motions. She instead filed a notice of appeal, and OSAD was appointed as appellate counsel.

¶ 14                                  ANALYSIS

¶ 15    OSAD argues that this court is precluded from considering the appeal on the merits because the defendant failed to file a motion to withdraw her guilty plea, and there are no meritorious arguments to the contrary. Counsel therefore moves to withdraw.

¶ 16    OSAD first contends that the defendant has failed to comply with the procedures for appealing a judgment entered upon a negotiated guilty plea set forth in Illinois Supreme Court Rule 604(d). Rule 604(d) states in relevant part that "[n]o appeal shall be taken upon a negotiated plea of guilty *** unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). Compliance with Rule 604(d) "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). While failure to file a timely Rule 604(d) motion in the circuit court will not deprive us of jurisdiction over an appeal, it does preclude us from considering the appeal on the merits. *Id.* at 301.

¶ 17    OSAD further argues that the admonition exception does not apply in the present matter because the court sufficiently admonished the defendant pursuant to Rule 605(c). The admonition

exception provides that we may consider an appeal despite the defendant's noncompliance with Rule 604(d) where the circuit court failed to give sufficient Rule 605 admonitions. See *People v. Foster*, 171 Ill. 2d 469, 427-74 (1996); *People v. Gougisha*, 347 Ill. App. 3d 158, 161 (2004).

¶ 18 In order to give sufficient admonishments, the court need not read the rule verbatim, but rather must "must impart to a defendant largely that which is specified in the rule" by communicating the rule's "essence." *People v. Dominguez*, 2012 IL 111336, ¶ 19. The court has substantially complied with Rule 605(c) if the defendant "is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* ¶ 22.

¶ 19 Rule 605(c) states, in relevant part, as follows:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
  (1) that the defendant has a right to appeal;
  (2) that prior to taking an appeal the defendant must file with the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
  (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
  (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
  (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and
  (6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

¶ 20 In the present matter, the circuit court informed the defendant that, prior to filing a notice of appeal, she was required to file in the circuit court, within 30 days, a written motion asking to vacate the judgment and for leave to withdraw the guilty plea, setting forth the grounds for the motion. The court further stated that, if her motion was allowed, the plea and sentence would be

vacated, and a trial date would be set on the charges to which she pled guilty. Any charges that were dismissed as part of the plea could be reinstated and set for trial upon the State's request. The court also informed her that, if indigent, a copy of the transcripts of the plea and sentencing would be provided without cost, and counsel would be appointed to assist with the preparation of the motions. The court concluded by explaining that any issue or claim of error not raised in the motion would be deemed waived.

¶ 21    In response to OSAD's motion, the defendant raises two issues. First, she claims that there is no proof that she threatened her parents. Second, she states that the court ordered her to wear an ankle monitor but did not provide her with the monitor prior to her release; she therefore argues that she should be relieved from violating this order.

¶ 22    Upon review, we find that the defendant's arguments do not address the relevant question of whether her failure to comply with Rule 604(d) precludes us from considering her appeal on the merits. She does not dispute that she did not file a motion to withdraw her guilty plea prior to filing her notice of appeal. She does not claim that the court failed to sufficiently admonish her on the requirements of appeal set forth in Rule 605(c), and we find that the court did indeed satisfy its obligation to do so. The admonishments it provided substantially conformed to the language of the rule, and properly put the defendant on notice of the requirements for appeal. Therefore, the admonishment exception does not apply to excuse her failure to file a Rule 604(d) motion.

¶ 23    We conclude that we may not consider her appeal on the merits where the defendant failed to comply with Rule 604(d) prior to seeking appeal from a judgment entered on a negotiated plea of guilty.

¶ 24                                  CONCLUSION

¶ 25    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and

dismiss the appeal.

¶ 26    Motion granted; appeal dismissed.