2025 IL App (1st) 230691-U

No. 1-23-0691

Order filed March 26, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos.   21 CR 7131 |
| v. | ) | 21 CR 7132 |
| | ) | 21 CR 6044 |
| | ) | |
| JESSE HARRISON, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed where defendant failed to file a postplea motion prior to filing his notice of appeal as required by Illinois Supreme Court Rule 604(d) and the trial court's postplea appeal admonishments to defendant substantially complied with Illinois Supreme Court Rule 605(c).

¶ 2    Following a guilty plea, defendant Jesse Harrison was convicted of one count of home invasion and two counts of aggravated battery to a peace officer. The trial court sentenced

defendant to the agreed term of 10 years' imprisonment for the home invasion and concurrent terms of 3 years for each aggravated battery offense. Defendant did not file a postplea motion but, instead, filed a motion for leave to file a late notice of appeal, which this court granted. On appeal, defendant solely contends that the trial court's postplea admonishments did not substantially comply with Illinois Supreme Court Rules 605(b) or 605(c) (eff. Oct. 1, 2001), and, therefore, his case must be remanded to the trial court for proper admonishments and an opportunity to file a postplea motion in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We find that the trial court's admonishments substantially complied with Rule 605(c). Accordingly, the admonitions exception does not apply in this case, and we must dismiss this appeal.

¶ 3    Defendant was charged in three separate, but related, cases. In circuit court case number 21-CR-6044, defendant was charged with one count of home invasion and six counts of aggravated battery to a peace officer. In case number 21-CR-7131, defendant was charged with one count of aggravated battery to a peace officer. In case number 21-CR-7132, defendant was charged with four counts of aggravated battery to a peace officer, four counts of resisting a police officer; and one count of aggravated battery to a government employee.

¶ 4    On May 3, 2022, the prosecutor stated that he was offering defendant a sentence of 13 years' imprisonment on the home invasion charge to be served at 50%. The prosecutor further stated that the two cases of aggravated battery to a peace officer would run concurrently with the home invasion case. The trial court advised defense counsel to review "the State's offer" with defendant to determine what he wanted to do and continued the case.

¶ 5    On June 23, 2022, the prosecutor tendered defendant a new offer of 11 years' imprisonment on the home invasion charge to be served at 50% with concurrent sentences for the two cases of

aggravated battery to a peace officer. Defendant initially stated that he was "[n]ot really" interested in the State's offer but then requested a three-month continuance to think about it. The court gave defendant one month to consider the State's offer.

¶ 6       On July 26, 2022, defense counsel requested a plea conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The trial court asked the prosecutor to "say what the State is 402'ing on." The prosecutor replied, "I am 402'ing on the highest charge, which is a Class X, which as I stated is 6 to 30 years." The prosecutor explained that the sentence would be served at 50% because defendant was armed with a knife during the home invasion. The prosecutor further explained that the other charges were aggravated batteries to peace officers which were Class 2 felonies with a sentencing range of three to seven years. The prosecutor stated that the sentences for those offenses would run concurrent with the sentence for home invasion. The trial court asked defendant, "[d]o you understand what the State's offering you[?]" Defendant confirmed he did.

¶ 7       The trial court admonished defendant pursuant to Rule 402. The conference was held off the record. Afterwards, the trial court stated, "I'm willing to go down one year, to 10 years, which would be concurrent as to all cases." The court further stated, "that is my offer to you." Defendant requested time to think about the offer. The court stated that it would continue the case and leave the offer open until August 30 at which time defendant could either accept the offer or go to trial the following day.

¶ 8       On August 30, 2022, the trial court asked defendant if he wanted to accept "my offer" of 10 years at 50% time. The court asked, "[c]orrect; State?" The prosecutor replied, "10 years at 50 percent was your 402 offer." The prosecutor explained that the State was proceeding on the count of home invasion and one count of aggravated battery of a peace officer in each of the other two

cases. Defendant repeatedly stated that he was "terminating" his "verbal contract" with defense counsel. When the trial court asked defendant if he wanted to represent himself, defendant repeatedly stated, "I do not consent to a trial" and "I need a continuance date to file my response." The trial court explained to defendant that he did not need to consent to a trial and that there was nothing for which he needed to file a response. The court told defendant, "[e]ither accept my offer or we are going to jury trial tomorrow." Defendant continued repeating his same statements.

¶ 9 Defense counsel stated that defendant was "not happy" with the offer of 10 years and wanted 8 years. Counsel asked the court to reopen the Rule 402 conference. The trial court replied, "[a]bsolutely not. I have had two 402. I went down from the State before. So no I am not changing my offer." Defendant continued repeating his statements. The court found defendant was being "obstructionist." The court revoked its offer and stated that a trial would be held the next day.

¶ 10 On August 31, 2022, defense counsel stated that defendant wanted to "accept the offer that was made pursuant to a 402 conference, of 10 years." The trial court confirmed defendant understood the terms of the offer. Defendant then pled guilty. The court admonished defendant of his right to plead not guilty and have a jury trial, and confirmed he was pleading guilty freely and voluntarily. The court stated that it heard the factual basis for the plea during the 402 conference. The court explained that it made a "recommendation of 10 years" because it appreciated what defense counsel had said about defendant and the domestic relationship he had with the victim, but it also considered defendant's actions during his arrest.

¶ 11 The trial court confirmed with the State that the guilty plea was to Count I in each of the three cases and that the sentences would run concurrently because the charges arose from the same event. The court accepted defendant's guilty plea and sentenced him to 10 years' imprisonment at

50% time for the home invasion with concurrent 3-year sentences for aggravated battery of a peace officer in each of the other two cases. Defendant confirmed he understood his sentence.

¶ 12    The trial court then admonished defendant as follows:

"Mr. Harrison, even though you have pled guilty, you have the right to appeal; however, before you can appeal, you must within 30 days of today, file with the Clerk's Office, a written Motion, that would give your reasons why you would want to take back the plea.

If your Motion is granted, your case would go back to Trial on all the charges, even the counts that were dismissed.

If it's denied, then you have 30 days from the denial, to file an appeal; and you do get a free lawyer, free transcript for any Motions or Appeal."

Defendant confirmed that he understood his appeal rights.

¶ 13    Defendant did not file a motion to withdraw his guilty plea as required by Rule 604(d). Instead, on March 15, 2023, six and a half months after his guilty plea, defendant filed a motion for leave to file a late notice of appeal, which this court allowed.

¶ 14    On appeal, defendant contends that his case must be remanded to the trial court for proper admonishments and an opportunity to file a postplea motion because the trial court's postplea admonishments did not substantially comply with Rule 605(b) or (c). Defendant claims the record is not clear as to whether he entered an open or negotiated guilty plea because the record does not show that the State offered him the 10-year sentence and, instead, shows that the trial court repeatedly referred to the 10-year offer as "my offer." Consequently, defendant argues that his plea was open rather than negotiated with the State and, therefore, the admonishments in Rule 605(b)

apply. Alternatively, defendant argues that, regardless of whether his plea was open or negotiated, the trial court failed to advise him that any issue not raised in a postplea motion would be waived, which is required under Rule 605(b)(6) for open pleas and Rule 605(c)(6) for negotiated pleas. Accordingly, the trial court's admonishments were insufficient under either subsection.

¶ 15    The State responds that the record shows defendant's plea was negotiated where the trial court asked defendant if he understood "what the State's offering you" and all parties agreed to the specific sentence. The State further argues that the trial court's admonishments substantially complied with Rule 605(c) because they sufficiently conveyed the substance of the rule and properly informed defendant about what he needed to do to preserve his right to appeal his guilty plea. Therefore, the admonition exception does not apply in this case. The State asserts that defendant's failure to file a postplea motion is not excused and his appeal must be dismissed.

¶ 16    Pursuant to Rule 604(d), a defendant who wishes to appeal from a judgment entered on a guilty plea, whether open or negotiated, must first file a written postplea motion with the trial court within 30 days of being sentenced as a condition precedent to filing an appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Gougisha*, 347 Ill. App. 3d 158, 160-61 (2004). Failure to file a Rule 604(d) motion does not deprive the appellate court of jurisdiction but precludes the court from considering the merits of an appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). Generally, when a defendant fails to comply with the Rule 604(d) requirement, we must dismiss the appeal. *Id.*

¶ 17    However, under the admonition exception to the motion requirement, if the trial court failed to give defendant sufficient admonishments under Rule 605 and defendant attempts to appeal

without first filing the required postplea motion, the appeal is not dismissed. *Id.* Rather, the appellate court should remand the case to the trial court for strict compliance with Rule 604(d). *Id.*

¶ 18     Here, defendant failed to file a postplea motion in the trial court and, instead, filed a motion for leave to file a late notice of appeal, which was granted. As defendant failed to file the required Rule 604(d) postplea motion prior to filing his notice of appeal, we lack the authority to consider the appeal.

¶ 19     Defendant argues that his failure to file a Rule 604(d) motion is excused under the admonition exception because the trial court failed to sufficiently admonish him under Rule 605. A defendant who enters an open guilty plea is admonished under Rule 605(b) and a defendant who enters a negotiated guilty plea is admonished under Rule 605(c). Ill. S. Ct. R. 605 (eff. Oct. 1, 2001). Defendant claims the record is not clear as to whether his guilty plea was open or negotiated but asserts it was open because the trial court repeatedly referred to the 10-year offer as "my offer," which showed his agreement was with the trial court, not the State. We must, therefore, first determine whether defendant entered an open or negotiated guilty plea.

¶ 20     Rules 604(d), 605(b), and 605(c) all state that a negotiated guilty plea "is one in which the prosecution has bound itself to *recommend* a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." (Emphasis added.) Ill. S. Ct. Rs. 604(d), 605(b), (c). "A plea agreement that precludes the State from arguing for a sentence from the full range of available penalties is a negotiated, not an open, plea." *Gougisha*, 347 Ill. App. 3d at 161 (citing *People v. Dunn*, 342 Ill. App. 3d 872, 880 (2003)).

¶ 21    Rule 402 states that plea agreements are reached by the parties and cannot be initiated by the trial court. Ill. S. Ct. R. 402(d)(1) (eff. July 1, 2012). The rule further provides that the trial court may participate in plea discussions at the defendant's request and with the prosecutor's agreement and, at the end of the conference, the court may recommend an appropriate sentence. *Id.* In addition, the rule states, "the defendant or the prosecutor is free to accept or reject the judge's recommendation." *Id.*

¶ 22    Here, the record reveals that defendant's guilty plea was negotiated. Defendant was charged with one count of home invasion, which is a Class X offense with a sentencing range of 6 to 30 years' imprisonment. 720 ILCS 5/19-6(a)(1), (c) (West 2020); 730 ILCS 5/5-4.5-25(a) (West 2020). He was also charged with 11 counts of aggravated battery to multiple police officers, which were Class 2 felonies with a sentencing range of three to seven years' imprisonment for each count. 720 ILCS 5/12-3.05(d)(4), (h) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020). Defendant was also charged with one count of aggravated battery to a government employee (720 ILCS 5/12-3.05(d)(6) (West 2020)) and four counts of resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2020)).

¶ 23    On May 3, 2022, the State offered defendant a sentence of 13 years' imprisonment on the home invasion charge to be served at 50% with concurrent sentences for the two cases of aggravated battery to a peace officer. On June 23, the State offered defendant a reduced sentence of 11 years' imprisonment for the home invasion charge to be served at 50% with concurrent sentences for the two cases of aggravated battery to a peace officer. On July 26, defendant requested a plea conference pursuant to Rule 402. After the conference, the court stated, "I'm willing to go down one year, to 10 years, which would be concurrent as to all cases." On August

30, the State confirmed that the offer following the 402 conference was 10 years at 50%. The State further explained that it was proceeding on the count of home invasion and one count of aggravated battery of a peace officer in each of the other two cases.

¶ 24    The record thus shows that the State bound itself by recommending a specific sentence of 11 years' imprisonment for three specific counts, which precluded the State from arguing for a sentence from the full range of available penalties that defendant faced. *Gougisha*, 347 Ill. App. 3d at 161. Following the plea conference, in accordance with Rule 402, the trial court recommended that the offer be reduced to 10 years. The State could have rejected the trial court's recommendation; however, there is no indication that it did so. Rather, the State confirmed at the next court date that the offer was 10 years. The record thereby illustrates that the State agreed with the 10-year term, and defendant's guilty plea was negotiated.

¶ 25    Based on that conclusion, we next examine the trial court's postplea admonishments to determine whether they complied with the requirements of Rule 605(c). We review the trial court's compliance with the rule *de novo*. *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 26    Rule 605(c) provides that when the trial court imposes a sentence pursuant to a negotiated guilty plea, it shall advise the defendant as follows:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 27    Our supreme court has found, "[t]he rule does not say that the court must 'completely' inform a defendant 'as follows' of the requirements, nor does it say that the court must 'strictly read verbatim' from the rule. Rather, it uses the term 'substantially advise.' " *Dominguez*, 2012 IL 111336, ¶ 17. The court explained that under the rule, the trial court must advise a defendant "in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea." *Id.* ¶ 22. The court held, "[s]o long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Id.* Under such circumstances, automatic remand is not required. *Id.* Remand based on incomplete admonishments is necessary only where the defendant has been prejudiced or denied real justice due to an inadequate admonishment. *People v. Henderson*, 217 Ill. 2d 449, 466 (2005); see also *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003)

(where defendant was not prejudiced by the missing verbiage of Rule 605(c)(6), the trial court's admonishments were sufficient and the admonishment exception did not apply).

¶ 28     Here, we find that the trial court substantially admonished defendant in accordance with Rule 605(c). The record shows that the trial court informed defendant of his right to appeal and that, before he could do so, he must first, within 30 days, file a written motion with the clerk's office stating the reasons why he wanted to withdraw his plea, satisfying the requirements of (c)(1) and (2). The court further admonished defendant that, if his motion was granted, there would be a trial on all the charges, including the counts that had been dismissed, satisfying the requirements of (c)(3) and (4). In addition, the court advised defendant that, if his motion was denied, he would have 30 days from the denial to file an appeal, and he would be provided with a free lawyer and free transcripts for any motions or appeal, satisfying the requirements of (c)(5).

¶ 29     Although the trial court did not advise defendant in accordance with subsection (c)(6) that any allegation of error not raised in his motion would be waived on appeal, we find that defendant was not prejudiced by this missing verbiage. *Henderson*, 217 Ill. 2d at 466; *Crump*, 344 Ill. App. 3d at 563. The trial court clearly admonished defendant that he needed to file a written motion to withdraw his guilty plea within 30 days of his plea before he could file an appeal. Nevertheless, defendant failed to file any type of postplea motion.

¶ 30     Based on this record, we find that the trial court's admonishments were sufficient to impart to defendant the essence or substance of the rule and properly informed him of what he needed to do to preserve his right to appeal his guilty plea. *Dominguez*, 2012 IL 111336, ¶ 22. Accordingly, we conclude that the trial court substantially admonished defendant pursuant to Rule 605(c) and the admonishment exception does not apply.

¶ 31    For these reasons, we find that defendant's failure to file a Rule 604(d) motion is not excused, and we must dismiss this appeal. *Flowers*, 208 Ill. 2d at 301.

¶ 32    Appeal dismissed.